SMITH *v.* BAUBIE.

1. BILLS AND NOTES—CONSIDERATION.

Where plaintiffs were induced to exchange their property by broker's agreement to accept note of party with whom they were dealing in full for his commission, notes given to broker by plaintiffs, who had little experience in legal matters, to replace note accepted by him, which was not paid, was void for want of consideration.

2. EVIDENCE—RECEIPT—PAROL EVIDENCE—BILLS AND NOTES.

Although receipt in full of account does not establish agreement on part of creditor to accept as absolute payment at his own risk note of third person for debt, parol evidence is admissible to show that note was accepted in absolute payment.

Appeal from Wayne; George (Fred W.), J., presiding. Submitted October 9, 1931. (Docket No. 76, Calendar No. 35,937.) Decided December 8, 1931.

Bill by Walter J. Smith and another against Raymond P. Baubie and another to enjoin actions at law on promissory notes and for cancellation of said notes. Cross-bill by defendant Baubie for money decree. Decree for defendant Baubie. Plaintiffs appeal. Reversed.

*William S. McNair,* for plaintiffs.

*Baubie & Baubie,* for defendants.

WIEST, J. Plaintiffs exchanged real estate with Martino and Maria Termini, under terms requiring the Terminis to also pay $1,150. Defendant Martin was plaintiffs' broker and agreed that, if plaintiffs

accepted the note of the Terminis for that amount, he would take it for his commission. The note was executed by the Terminis, and plaintiffs, as payees, assigned it by the following writing thereon to Mr. Martin:

"Oct. 2, 1928.

"In consideration of $1 and other valuable considerations, we undersigned hereby jointly do sell, assign, and transfer all our right and title to George O. Martin of the city of H. Park, for his commission which he has earned for his faithful services in selling our 171-acre farm land in secs. 8–9, Manchester Twp., Washtenaw county, Mich."

The same date Mr. Martin signed and delivered to plaintiffs a receipt reading:

"1150                    Oct. 2, 1928.

"Received of Walter J. Smith and Minnie Smith, his wife, one thousand one hundred fifty no/100 dollars in a form of a promissory note signed by Martino Termini and Maria Termini, his wife, as my commission on their 171-acre farm deal in Manchester Twp., Washtenaw county."

The Terminis paid $400 to Martin, and at the maturity of the note Martin had it protested for non-payment, and demanded that plaintiffs take the note and give him their notes for $769, the balance due for his commission. Plaintiffs went to a bank where the note had been left for protest, executed two new notes, payable to Martin, one for $400 and the other for $369.35, but claim they did so because Martin said that "he couldn't collect that note from Termini * * * because it was illegal. *. *. *. Termini promised to pay you but not me." Martin indorsed the two new notes to defendant Baubie after maturity, and Baubie commenced two suits thereon against plaintiffs herein in the common pleas court.

Plaintiffs thereupon filed this bill to restrain prosecution of such actions and have the notes canceled because obtained without consideration and by fraud. Defendant Baubie discontinued the actions at law, and, by answer in the nature of a cross-bill, asked for decree awarding him the sum due on the notes. The court dismissed plaintiffs' bill and granted defendant Baubie a decree for the amount due on the notes.

We are not persuaded that fraud was perpetrated in procuring plaintiffs to execute the new notes. Evidently plaintiffs had little experience in legal matters, and probably misunderstood the purport of the claim made by Martin. Under the assignment Martin was not without remedy against the makers of the note.

The important question in the case is that of want of consideration for the new notes. If Martin agreed to take and did take the Termini note in absolute payment of his commission, then there was no consideration for the new notes. This involves a question of fact. Plaintiffs testified to such an agreement and are, to some extent, supported by the terms of the assignment and the receipt. We recognize the rule that "A receipt in full of an account does not establish an agreement on the part of the creditor to accept as absolute payment at his own risk the note of a third person for the debt." 21 R. C. L. p. 84.

Mr. Martin testified:

"I agreed to take the Martinis' (Terminis') note as my commission. * * * When I took the note I gave the receipt.

"*Q.* And you took that note for the full commission on the farm?

"*A.* Yes, sir, I received the note and gave them a receipt for the note.

"*Q.* And you took that for your full commission on the farm?

"*A.* I did. The receipt is in my own handwriting and in that receipt I acknowledge the receipt of the note.

"*Q.* As the full amount of your commission on the farm deal, did you not?

"*A.* I received a note for $1,150 as my commission and I gave him a receipt for the note. * * *

"At the time of closing the deal, in pursuance of those papers I took the promissory note, that Termini promissory note, and I did not release the Smiths unless the note was paid in full, the note was not paid and the Smiths went to the bank and picked up the note and gave me their note back and I then gave Exhibit 1 (the Termini note) back to the Smiths."

We are impressed by the testimony of plaintiffs that they were induced to make the exchange by reason of Mr. Martin's agreement, that if they would accept the promissory note of the Terminis for $1,150, he would take it in full payment of his commission.

Mr. Smith testified:

"Well, I told him (Martin) that I didn't feel that I should accept Termini's note. I said, 'I don't know him.' 'Oh,' he said, 'That is all right, I know that man well; I know him perfectly well, I'll take his note for the commission so that will relieve you.' "

Parol evidence was admissible to show that the note was accepted in absolute payment.

Defendant Baubie asserts no claim superior to that of Mr. Martin. All parties submitted to the jurisdiction of the court of equity.

The decree is reversed, and one will be entered in this court, canceling the notes sued upon and

requiring plaintiffs to deliver the Termini note to defendant Martin.

Plaintiffs will recover costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.