# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CALVIN LAMONT GLOSTER,

Defendant-Appellant.

UNPUBLISHED
December 30, 2014

No. 317069
Wayne Circuit Court
LC No. 12-010845-FC

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions of: (1) armed robbery under MCL 750.529; (2) assault with intent to do great bodily harm less than murder under MCL 750.84; and (3) possession of a firearm during the commission of a felony ("felony-firearm") under MCL 750.227b. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves a robbery that occurred in Hamtramck in October 2012 ("the market robbery"). While she was leaving a market, the victim was brutally attacked by an assailant, who hit her in the back of the head and knocked her to the ground in an attempt to steal her jewelry. When onlookers intervened to protect the victim, the assailant fled, and an accomplice shot one of the intervening onlookers with a pistol. The assailant and the shooter escaped the scene by car.

The Hamtramck police arrested defendant in connection with the market robbery, as well as another robbery that also occurred in Hamtramck on the same day ("the bar robbery"). The prosecution charged him with, among other things: (1) armed robbery under MCL 750.529; (2) assault with intent to do great bodily harm less than murder under MCL 750.84; and (3) felony-firearm under MCL 750.227b.

At trial, the jury heard extensive testimony from the victim, eyewitnesses, and the police, which tended to show that defendant was the accomplice and shooter in the market robbery. The prosecution also called the victim in the bar robbery, who testified that she was mugged by a gang of three men, all of whom had guns. Though defendant admitted involvement in both the market and bar robberies, he objected to the bar robbery victim's testimony as impermissible

-1-

evidence of other acts. The trial court denied his motion under MRE 404(b). It instructed the jury on the limited manner in which it could consider the bar robbery testimony under that rule.

The jury convicted defendant of the charges mentioned above. On appeal, defendant asserts that the trial court: (1) wrongly admitted the testimony of the bar robbery victim; and (2) violated his constitutional right to a fair trial by not allowing him to exercise peremptory challenges during jury selection.

## II. STANDARD OF REVIEW

A trial court's admission of other acts evidence is reviewed for an abuse of discretion. *People v Waclawski,* 286 Mich App 634, 670; 780 NW2d 321 (2009). "However, decisions regarding the admission of evidence frequently involve preliminary questions of law, such as whether a rule of evidence or statute precludes admitting of the evidence." *People v Gursky,* 486 Mich 596, 606; 786 NW2d 579 (2010). Questions of law are reviewed de novo. *Id.*

A violation of the right to exercise peremptory challenges is reviewed for a miscarriage of justice if the error is preserved and for plain error affecting substantial rights if the error is forfeited. *People v Bell*, 473 Mich 275, 295; 702 NW2d 128 (2005).

## III. ANALYSIS

### A. MRE 404(B)

MRE 404(b)(1) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. *It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material*, whether such other crimes, wrongs, or acts are contemporaneous with or prior or subsequent to the conduct at issue in the case. [Emphasis added.]

Evidence is admissible under MRE 404(b) when a party shows it is: (1) offered for a proper purpose, i.e., to prove something other than defendant's criminal propensity; (2) relevant; and (3) not unfairly prejudicial under MRE 403. *People v Knox,* 469 Mich 502, 509; 674 NW2d 366 (2004).

Evidence of a common scheme must show such a "concurrence of common features that the charged acts and the other acts are logically seen as part of a general plan, scheme or, design." *People v Steele,* 283 Mich App 472, 479; 769 NW2d 256 (2009). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of *unfair* prejudice." MRE 403 (emphasis added). All evidence offered by the prosecution will in some way be prejudicial to a defendant. *People v Fisher,* 449 Mich 441, 451; 537 NW2d 577 (1995.) "Unfair prejudice exists when there is a tendency that

evidence with little probative value will be given too much weight by the jury." *People v McGhee,* 268 Mich App 600, 614; 709 NW2d 595 (2005).

Here, defendant says that the trial court erred when it permitted the bar robbery victim to testify as to her mugging. Specifically, he states that the court admitted the testimony for the sole (and improper) purpose of showing his character and propensity to commit a crime. This argument has no merit because the bar robbery victim's testimony was not admitted to show defendant's character or criminal propensity—instead it was admitted to refute defendant's argument at trial, and demonstrate that he had an intent to commit robbery and a common scheme to do so.

Defendant argued at trial that he was merely present at the scene, had no knowledge of an intended robbery, did not possess a gun, and cautioned his co-offender against taking the victim's necklace. The bar robbery victim's testimony directly refuted this defense—it showed that defendant (who, again, admitted involvement in the bar robbery) possessed a gun, knew how to use it, and had intent to aid and abet a robbery as he had the night before. It also demonstrated the similarity of the bar and market robberies, both of which: (1) occurred in Hamtramck (within a few blocks of one another); (2) were perpetrated against lone women victims; and (3) involved armed criminals; and (4) were committed by a group of robbers, as opposed to an individual robber.

The bar robbery victim's testimony was therefore highly relevant, because it tended to demonstrate defendant's involvement in the market robbery. It did so in a way that was highly probative, for the reasons described above. Accordingly, the bar robbery victim's testimony was not unfairly prejudicial to defendant. *McGhee,* 268 Mich App at 614. Moreover, as noted, the court instructed the jury on the limited manner in which it was permitted to consider the evidence of the bar robbery, and a jury is presumed to follow the court's instructions. *People v Graves,* 458 Mich 476, 486; 581 NW2d 229 (1998).

Accordingly, the trial court admitted the bar robbery victim's testimony for reasons other than demonstrating defendant's character or criminal propensity, the testimony was relevant, and its probative value was not substantially outweighed by the risk of unfair prejudice under MRE 403. *Knox,* 469 Mich at 509.

## B. JURY SELECTION

A court may impanel a jury consisting of 14 members. MCL 768.18 and MCR 6.411. However, if more than 12 jurors are selected, before deliberations, "the names of the jurors must be placed in a container and names drawn from it to reduce the number of jurors to the number required to decide the case." MCR 6.411. Moreover, during jury selection, a defendant is entitled to exercise 12 peremptory challenges. MCR 6.412(E). Pursuant to MCR 6.412(A), MCR 2.511(E) governs the exercise of peremptory challenges in criminal cases. MCR 2.511(E)(3) provides:

(3) Peremptory challenges must be exercised in the following manner:

(a) First the plaintiff and then the defendant must exercise one or more peremptory challenges until each party successively waives further peremptory

challenges or all the challenges have been exercised, *at which point jury selection is complete.* [Emphasis added.]

When a party has indicated a "pass," the pass "is not counted as a challenge but is a waiver of further challenge to the panel as constituted at that time." MCR 2.511(E)(3)(b).

Here, defendant incorrectly states that the trial court barred him from exercising peremptory challenges to the jury. He actually did so eight times. Shortly after exercising the eight challenges, both the prosecution and defendant passed on all jurors for cause. The prosecution then passed on any peremptory challenges. Immediately thereafter, defendant similarly declined to exercise further peremptory challenges. At that point, the court announced, "We have a jury then, okay?" The court then gave the 14 selected jurors preliminary instructions and dismissed them for the day.

Accordingly, defendant was not denied the right to exercise a preemptory challenge at any time, and his claims regarding jury selection are frivolous.[1]

Affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

[1] Defendant's complaint about jury selection is really a demand for the replacement of a 14th juror who was dismissed because she believed her religion prohibited her from judging other people. Her dismissal occurred after both parties had passed on peremptory challenges and the completion of jury selection. Defendant provides no authority to support the argument that he was entitled to replacement of the 14th juror after jury selection had been completed. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims." *Houghton ex rel Johnson v Keller*, 256 Mich 336, 339; 662 NW2d 854 (2003). In any event, there was no need to fill the excused juror's seat because jury selection was complete, and defendant was tried before 13 jurors in compliance with MCR 6.410 and MCL 768.18.

-4-