*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDWARD THOMPSON,

        Plaintiff-Appellant,

v

LATASHA THOMPSON,

        Defendant-Appellee.

UNPUBLISHED
January 21, 2020

No. 347346
Oakland Circuit Court
LC No. 2015-834637-DM

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In this domestic relations case, plaintiff Edward Thompson appeals as of right the trial court's order sanctioning him and awarding his trial court attorney, Christopher W. Quinn, II, attorney fees. We affirm.

Relevant to this appeal, plaintiff was the subject of a number of motions and orders to show cause for why he should not be held in contempt for failure to comply with various orders entered by the trial court. In 2017 and 2018, several bench warrants were issued for plaintiff's arrest. Then, on December 3, 2018, Quinn filed an appearance on behalf of plaintiff for the limited purpose of representing him for the numerous warrants issued for his arrest. Shortly thereafter, on December 19, 2018, Quinn filed a notice of withdrawal as plaintiff's retained counsel. Quinn cited several bases for seeking withdrawal: (1) plaintiff required extensive commitment of time and resources from Quinn to fulfill the goals of representation and ethical responsibilities required of him, (2) plaintiff was disrespectful and abusive to Quinn and his staff, (3) some of plaintiff's demands would violate the Michigan Rules of Professional Conduct, (4) plaintiff was not forthcoming with Quinn, (5) the attorney-client relationship had broken down, and (6) because of that breakdown in the attorney-client relationship, Quinn did not believe he could effectively represent plaintiff.

A week later, on December 26, 2018, several documents were filed with the trial court: (1) a notice of demand to vacate default judgments previously entered by the trial court for lack of subject-matter jurisdiction, (2) a brief in support of the demand to vacate, and (3) a proof of service allegedly from Quinn to defendant's attorney. Subsequently, on January 2, 2019, Quinn

filed a motion to strike plaintiff's demand to vacate the default judgments. In his motion to strike, Quinn stated that the demand to vacate was filed fraudulently with the trial court by plaintiff. Quinn indicated that he did not prepare, sign, or file the demand to vacate. According to Quinn, defendant's attorney contacted him after she received a copy of the demand to vacate by priority mail in an envelope that fraudulently indicated it was from Quinn. Quinn alleged that plaintiff's impersonation of him was a violation of the Michigan Court Rules and Michigan's criminal laws. Quinn stated that the demand to vacate had no bases in law or fact and was, therefore, a violation of MCR 2.114(F).[1] Quinn indicated that he had to invest time and effort into preparing and filing his motion to strike, traveling, and paying filing fees and postage. Quinn further alleged that plaintiff's behavior was sanctionable under MCR 2.625(A)(2). Quinn, therefore, requested that the trial court strike plaintiff's demand to vacate, sanction plaintiff, and order plaintiff to pay Quinn $2,500 in taxable costs.

Concurrently, plaintiff responded to Quinn's motion for withdrawal as retained counsel. Plaintiff alleged that Quinn's representation was limited to challenging whether the trial court had jurisdiction and that Quinn agreed that plaintiff "would have sole control over any documentation being submitted to the court . . . ."

Less than a week later, on January 7, 2019, plaintiff filed a response to Quinn's motion to strike plaintiff's demand to vacate. Plaintiff denied Quinn's allegations, stating that Quinn, or someone who worked for him, prepared and filed the demand to vacate. Plaintiff argued that an e-mail exchange between himself and Quinn proved that plaintiff was "an upstanding citizen and great father" and that it was actually Quinn's conduct that was egregious and disrespectful. Plaintiff alleged that the e-mail exchange demonstrated that he had "not committed any wrongdoings" and that it was Quinn's "plan to take the plaintiff's money ($5,150.00) then fabricate false claims against the plaintiff and get the challenge of the court's jurisdiction silenced while maintaining his contractual obligations to the Title IV-D contract." Plaintiff suggested that Quinn's conduct was sanctionable and that Quinn should be sanctioned $2,500 for the time that plaintiff spent preparing his response to Quinn's motion to strike.

At the hearing on his motion to strike, Quinn informed the trial court that he had to prepare and file motions, pay for postage, travel, and review plaintiff's response. Quinn stated that dealing with plaintiff's allegedly fraudulent filing had "consumed a considerable amount of [his] time" and he was therefore "asking for $2,500 in sanctions." Quinn stated that he had been practicing law for 12 years and that his hourly rate was approximately $225 per hour. The trial court found "that fee completely reasonable" and that plaintiff's conduct was "completely egregious and a fraud on the Court . . . ." The trial court also noted that Quinn had to deal with driving and waiting for the hearing on his motion. The trial court concluded that plaintiff needed to "immediately" reimburse Quinn the $2,500. Plaintiff was not present at the hearing. The trial

---

[1] MCR 2.114 was repealed effective September 1, 2018. MCR 1.109(E)(6) and (7) deal with sanctions for parties and attorneys that sign a document in violation of MCR 1.109. Although Quinn's motion to strike references MCR 2.114, it was filed on January 2, 2019. As a result, MCR 1.109 applies to this case and not MCR 2.114.

court entered an order granting Quinn's motion to strike plaintiff's demand to vacate the default judgments for lack of subject-matter jurisdiction and sanctioned plaintiff, requiring him to pay Quinn $2,500 in attorney fees. This appeal followed.

Plaintiff appealed from the trial court's January 9, 2019 order and filed a three-issue appellate brief. Two of the issues discussed whether the trial court had subject-matter jurisdiction, while the other appeared to analyze the issue of whether the trial court properly awarded Quinn attorney fees. However, on February 25, 2019, this Court entered an order dismissing plaintiff's claim of appeal, in part, for lack of jurisdiction "as to any portion of the January 9, 2019, order which relates to the striking of the Notice of Demand Vacating Default Judgment for Lack of Subject Matter Jurisdiction, because this Court lacks jurisdiction over these portions of the" January 9, 2019 order. *Thompson v Thompson*, unpublished order of the Court of Appeals, entered February 25, 2019 (Docket No. 347346). However, this Court indicated that plaintiff's claim of appeal remained "pending with regard to only the award of attorney fees contained in the January 9, 2019" order because it was appealable as of right under MCR 7.202(6)(a)(iv). *Id*. This Court then struck plaintiff's brief on appeal and instructed plaintiff to "file an appellant's brief which only addresses only the attorney fees issue in this matter." *Id*. Plaintiff failed to follow this Court's order and submitted a nearly identical brief on appeal as that which this Court previously struck. Because the portions of plaintiff's brief on appeal that address whether the trial court had subject-matter jurisdiction are outside the scope of this Court's February 25, 2019 order, this Court declines to address them.

Plaintiff argues that the trial court abused its discretion when it awarded Quinn attorney fees. Plaintiff has abandoned this issue and we decline to address it.

Pro se litigants are entitled to some leniency in pursuing their claims. See *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972) (explaining that allegations in pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers"). However, such leniency is not limitless and court rules must still be followed. *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). Plus, "[a]lthough pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." *Mapes v Bishop*, 541 F3d 582, 584 (CA 5, 2008) (citations omitted).[2]

"An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Id*. at 339-340 (citation omitted). That is, "[t]he appellant . . . must first adequately prime the pump; only then does the appellate well begin to flow." *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

---

[2] Lower federal court decisions, although not binding on state courts, can be considered for their persuasive value. *Abela v Gen Motors Corp*, 469 Mich 603, 606-607; 677 NW2d 325 (2004).

Plaintiff abandoned the issue of attorney fees because he does not cite any relevant authority or provide any argument related to the issue on appeal. Plaintiff provides a lengthy recitation of caselaw and constitutional amendments, ranging from oaths of judicial office, various provisions of the United States and Michigan Constitutions, and several paragraphs regarding void judgments. However, plaintiff's brief on appeal does not cite any authority relevant to the only issue that was to be addressed on appeal: the trial court's award of attorney fees to Quinn. *Thompson v Thompson*, unpublished order of the Court of Appeals, entered February 25, 2019 (Docket No. 347346) (ordering plaintiff to file an appellate brief that "addresses only the attorney fees issue in this matter"). Nor does plaintiff's brief on appeal provide any analysis or argument about the attorney fee issue. Because plaintiff did not cite any relevant authority, and has left it to this Court to discover and rationalize the basis for his claim that the trial court abused its discretion when it awarded Quinn attorney fees, plaintiff has abandoned the issue on appeal. See *Houghton*, 256 Mich App at 339-340. As a result, we decline to address the attorney fee issue.

Affirmed.

/s/ Michael J. Riordan
/s/ David H. Sawyer
/s/ Kathleen Jansen

-4-