WOJTCZAK v. AMERICAN UNITED LIFE INS. CO.

1. CORPORATIONS—FOREIGN CORPORATIONS—INTERNAL AFFAIRS—COURTS—JURISDICTION.

A suit to enjoin a foreign corporation which involves exercise of control or management of the internal affairs thereof will not be entertained by courts of this State even though the suit be one by a resident stockholder and the corporation has a substantial part or even all of its tangible property within the jurisdiction and has submitted to the jurisdiction of the court because the rights arising between the corporation and its members depend upon the law of the State where it is organized and the courts of such State afford the most appropriate, if not the sole, power adequate to enforcement of decrees.

2. SAME—FOREIGN CORPORATIONS—DEFINITION OF INTERNAL AFFAIRS —JURISDICTION.

The acts of a foreign corporation with which courts of this State will not interfere by injunction or otherwise because they relate to its internal management are those which affect the complainant solely in his capacity as a member of the corporation, whether it be as a stockholder, director, president or other officer, and are the acts of the corporation, whether acting in stockholders' meeting or through the board of directors; jurisdiction for relief against such corporation being afforded where the acts complained of affect the complainant's individual rights only.

3. INSURANCE—FOREIGN COMPANY—REINSURANCE CONTRACT—ULTRA VIRES.

Whether or not a reinsurance contract whereby defendant Indiana mutual life insurance company assumed, with certain limitations, all valid outstanding policy obligations of a Michigan insurance company was *ultra vires held,* a question determinable by courts of that State and not in the suit of a resident policyholder of this State to enjoin performance of the contract by the foreign company.

4. SAME—INJUNCTION—COURTS—INSURANCE COMPANIES—SPECIAL CONTRACTS—INDIANA—STATUTES.

In Indiana, a court of general jurisdiction has no power upon the application of a policyholder or member to enjoin the

issuance of special contracts of insurance by an insurance company where statute provides that courts shall not interfere with the business of such a company except upon application of the attorney general (Indiana Acts of 1899, chap. 28, § 17).

5. Same—Appointment of Receivers—Jurisdiction—Collateral Attack.

Claim that Ingham circuit court had no jurisdiction to appoint permanent liquidating receiver for insolvent Michigan insurance company whose policy obligations were reinsured by defendant Indiana mutual insurance company may not be considered in suit by resident policyholder of defendant to enjoin performance of reinsurance contract (Act No. 256, pt. 1, chap. 3, § 9, Pub. Acts 1917, as added by Act No. 249, Pub. Acts 1933).

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 18, 1940. (Docket No. 88, Calendar No. 41,087.) Decided June 3, 1940.

Bill by Maryan Wojtczak against American United Life Insurance Company, an Indiana corporation, to enjoin the performance of a reinsurance contract and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Oxtoby, Robison & Hull* (*Robert A. Adams, Shields, Ballard, Jennings & Taber, Oscar C. Hull,* and *Leo I. Franklin,* of counsel), for defendant.

Wiest, J. Defendant is a mutual life insurance corporation, organized under the laws of the State of Indiana, with its headquarters and principal office in the city of Indianapolis, and is authorized to do business in the State of Michigan. In August, 1939, it issued to plaintiff a $1,000 life insurance policy. In December, 1939, plaintiff, as such policyholder, filed the bill herein to restrain performance of a reinsurance management contract under which defendant reinsured and assumed, with certain limitations,

all valid outstanding policy obligations of the American Life Insurance Company, a Michigan corporation, which was adjudged insolvent in a proceeding in the circuit court for the county of Ingham, brought by the Michigan commissioner of insurance, and in which a permanent liquidating receiver was appointed who, under authorization of the court, entered into the contract, the operation of which plaintiff seeks to have the court enjoin. Plaintiff's bill was dismissed upon a holding that the contract of reinsurance management was an internal affair of the foreign corporation which the Michigan court would not attempt to regulate by injunction restraint.

Upon appeal from such holding plaintiff alleges that the contract is *ultra vires*, and in violation of the bylaws of defendant company; that the statute of Indiana prohibiting injunction proceedings in insurance matters other than by the insurance commissioner is inapplicable and a similar law in the insurance code of the State of Michigan (Act No. 256, pt. 1, chap. 3, § 9, Pub. Acts 1917, as added by Act No. 249, Pub. Acts 1933 [Comp. Laws Supp. 1940, § 12270-1, Stat. Ann. § 24.48]) does not bar this suit.

Plaintiff also claims that the circuit court for the county of Ingham had no jurisdiction to appoint a permanent liquidating receiver for the American Life Insurance Company which had its business office in the city of Detroit, and finally that the suit at bar is of such a nature that the courts of this State should assume jurisdiction.

The reinsurance management contract has been executed and approved by the insurance commissioners of Indiana and Michigan. If the restraint sought undertakes to exercise control or management of the internal affairs of defendant, a foreign corporation, the courts of this State will not assume jurisdiction. This rule is in line with authority.

In *Rogers* v. *Guaranty Trust Co. of New York*, 288 U. S. 123 (53 Sup. Ct. 295, 89 A. L. R. 720), it was stated: "It has long been settled doctrine that a court—State or Federal—sitting in one State will as a general rule decline to interfere with or control by injunction or otherwise the management of the internal affairs of a corporation organized under the laws of another State but will leave controversies as to such matters to the courts of the State of the domicile." Citing many cases. See, also, *Thompson* v. *Southern Connellsville Coke Co.*, 269 Pa. 500 (112 Atl. 533) ; *Sauerbrunn* v. *Hartford Life Ins. Co.*, 220 N. Y. 363 (115 N. E. 1001).

In 17 Fletcher, Cyclopedia Corporations (Perm. Ed.), p. 368, § 8425, it is stated, with citation of many authorities:

"Ordinarily, therefore, the courts of a State or country will not assume jurisdiction to interfere, by injunction or otherwise, in the management of the internal affairs of a foreign corporation, even at the suit of a resident stockholder, and even though the corporation may be doing business in the State or country and may have expressly or impliedly agreed to submit to the jurisdiction of the court in suits against it, and has a substantial portion or even all of its tangible property in the State and is for all practical purposes a local corporation except as to the place of its creation. Otherwise stated, it is the rule that the courts of one State will not exercise the power of deciding controversies relating merely to the internal management of the affairs of a corporation organized under the laws of another State or of determining rights dependent upon such management, but will leave questions relating to the management of the internal affairs of a foreign corporation to be settled by the tribunals of the State which created the corporation."

In Section 8426 (p. 374), Fletcher states the following reasons for the rule:

"Two major reasons influence courts of chancery to refuse to interfere in the management of the internal affairs of a foreign corporation: First, because the rights arising between a corporation and its members out of such management depend upon the laws of the State under which the corporation is organized. Second, the courts of that State afford the most appropriate forum for adjudication upon the relation between the stockholders and the corporation, and frequently such courts alone possess jurisdiction and power adequate to the enforcement of all decrees that justice may require."

The suit at bar is not upon any pecuniary obligation due plaintiff.

In *North State Copper & Gold Mining Co.* v. *Field,* 64 Md. 151 (20 Atl. 1039), it was said:

"Our courts possess no visitorial power over them (foreign corporations), and can enforce no forfeiture of charter for violation of law, or removal of officers for misconduct; nor can they exercise authority over the corporate functions, the bylaws, nor the relations between the corporation and its members, arising out of, and depending upon, the law of its creation. These powers belong only to the State which created the corporation.   *   *   *

"It may not be in all cases easy to draw a clear line of distinction between the acts of a corporation relating to its internal management, and those which do not. But we apprehend the distinction to be this: That where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president, or other officer, and is the act of the corporation, whether acting in stockholders' meeting, or through its agents, the board of directors, that

then such action is the management of the internal affairs of the corporation, and in case of a foreign corporation, our courts will not take jurisdiction. Where, however, the act of the foreign corporation complained of affects the complainant's individual rights only, then our courts will take jurisdiction, whenever the cause of action arises here."

The above definition of "internal affairs" was adopted in *Jackson* v. *Hooper*, 76 N. J. Eq. 592, 604 (75 Atl. 568, 27 L. R. A. [N. S.] 658).

Whether the contract in question is *ultra vires* is to be determined by the courts of the State of Indiana.

In *Lowery* v. *State Life Ins. Co.*, 153 Ind. 100 (54 N. E. 442), it was held, quoting syllabus:

"Where an insurance company is organized and doing business under the act of February 10, 1899 (Acts 1899, chap. 28, § 17), a court of general jurisdiction has no power, upon the application of a policyholder or member, to enjoin the issuance of special contracts of insurance; since the statute provides that a court shall have no power to interfere · with the business of such company except upon the application of the attorney general."

The charge that the circuit court for the county of Ingham had no jurisdiction to appoint a permanent liquidating receiver of the American Life Insurance Company may not be considered in the suit at bar.

The decree dismissing the bill is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.