# STATE OF MICHIGAN

# COURT OF APPEALS

DAYSTAR SELLER FINANCING, LLC,

        Plaintiff/Counterdefendant-
Appellant,

v

PATRICK HUNDLEY,

        Defendant/Counterplaintiff/Third-
Party Plaintiff-Appellee,

and

DAVID BYKER,

        Counterdefendant/Third-Party
Defendant-Appellant,

and

JACO RENTALS, LLC, LOST BEACH
PROPERTIES, LLC, and BYKER &
ASSOCIATES, INC.,

        Third-Party Defendants-Appellants.

FOR PUBLICATION
September 27, 2018
9:05 a.m.

No. 339467
Ottawa Circuit Court
LC No. 15-004120-CK

Before: MURRAY, C.J., and CAMERON and LETICA, JJ.

PER CURIAM.

        Plaintiff/counterdefendant, Daystar Seller Financing, LLC ("Daystar"), appeals by right an order granting summary disposition in favor of defendant/counterplaintiff/third-party plaintiff,

-1-

Patrick Hundley, pursuant to MCR 2.116(C)(4) for lack of subject-matter jurisdiction.[1] We reverse and remand for further proceedings.

This case arises out of a series of investments, loans, assignments, and transactions in various development projects in Costa Rica. The precise details of the parties' dealings remained unproven when the trial court dismissed the case. For purposes of this appeal, it will suffice to say that the disputes at issue involve the allegedly wrongful conduct of Hundley and counterdefendant[2]/third-party defendant, David Byker, in connection with the Costa Rican projects. The projects were developed, financed, and managed, directly or indirectly, through a slew of entities that were owned or controlled by Hundley, Byker, or both men together. The causes of action raised in Daystar's[3] 17-count amended complaint and Hundley's 12-count amended counterclaim and third-party complaint assert various theories of liability against the parties for alleged breaches of contract, misrepresentations, acts of conversion, and other wrongful acts committed in the course of the parties' dealings.

Hundley filed a motion for leave to file a second amended counterclaim and third-party complaint which, in pertinent part, sought to add eight additional third-party defendants, all of which were business entities formed under the laws of foreign jurisdictions (Florida, Nevada, and the Turks and Caicos Islands). At a hearing regarding the motion, Hundley raised the issue of subject-matter jurisdiction. Specifically, Hundley noted that under *Wojtczak v American United Life Ins Co*, 293 Mich 449; 292 NW 364 (1940), the trial court did not have subject-matter jurisdiction over the "internal affairs of foreign entities." The trial court agreed and denied the motion for leave to amend.

Hundley then filed a motion for summary disposition pursuant to MCR 2.116(C)(4) and (C)(8) as to all of the remaining claims. Hundley argued that pursuant to *Wojtczak*, 293 Mich 449, the trial court lacked subject-matter jurisdiction over the claims because all of the claims involved the internal affairs of foreign corporate entities. The trial court entered an opinion and order granting Hundley's motion for summary disposition pursuant to MCR 2.116(C)(4) and dismissing all of the parties' claims. The trial court held that all of the claims fell within the internal affairs doctrine and, therefore, it lacked subject-matter jurisdiction. This appeal followed.

---

[1] Counterdefendant/third-party defendant David Byker and third-party defendants Jaco Rentals, LLC, Lost Beach Properties, LLC, and Byker & Associates, Inc., also appeal the order by right. However, because the appellants collectively presented this appeal in terms of Daystar's rights, we will refer to Daystar only throughout this opinion unless otherwise required for context.

[2] Although Byker is identified as a counterdefendant/third-party defendant throughout the lower court proceedings, he was not a plaintiff to the original complaint and is therefore more properly designated as a third-party defendant only.

[3] Daystar alleges that each cause of action in its amended complaint was assigned to it by Hundley's respective creditors and the owners of the unlawfully converted properties and assets.

This Court reviews the grant or denial of summary disposition de novo. *Harris v Vernier*, 242 Mich App 306, 309; 617 NW2d 764 (2000). Summary disposition is proper under MCR 2.116(C)(4) when "[t]he court lacks jurisdiction of the subject matter." MCR 2.116(C)(4). "[W]hether a trial court had subject-matter jurisdiction over a claim is a question of law that is reviewed de novo." *Harris*, 242 Mich App at 309.

"In general, subject-matter jurisdiction has been defined as a court's power to hear and determine a cause or matter." *In re Petition by Wayne Co Treasurer*, 265 Mich App 285, 291; 698 NW2d 879 (2005). With respect to a circuit court's general subject-matter jurisdiction, MCL 600.605 provides:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.

Moreover, circuit courts in Michigan have broad subject-matter jurisdiction over claims involving corporations. See MCL 600.3605.

The trial court in this case held that it lacked subject-matter jurisdiction pursuant to *Wojtczak*, 293 Mich 449. On appeal, Daystar argues that the claims involved in this case are distinguishable from those in *Wojtczak* because the causes of action in its amended complaint do not require the court to interfere with internal operations of a corporate entity. Daystar further argues that the internal affairs doctrine implicates choice-of-law concerns and that *Wojtczak* should not be construed as precluding the circuit court's subject-matter jurisdiction in this case. We agree that the trial court's conclusion that it lacked subject-matter jurisdiction was incorrect.

In *Wojtczak*, the defendant, a life insurance company organized under the laws of Indiana and authorized to do business in Michigan, issued a life insurance policy to the plaintiff. *Id.* at 450. Subsequently, the defendant entered into a contract to reinsure and assume outstanding policy obligations of the American Life Insurance Company, an insolvent Michigan corporation. *Id.* at 450-451. The plaintiff, as a policy holder, filed suit to enjoin the defendant's performance of the contract. *Id.* The trial court dismissed the complaint, holding that the contract concerned "an internal affair of the foreign corporation . . . ." *Id.* at 451.

The Michigan Supreme Court affirmed the trial court, stating, "If the restraint sought undertakes to exercise control or management of the internal affairs of defendant, a foreign corporation, the courts of this State will not assume jurisdiction." *Id.* While this statement may suggest a jurisdictional bar at first glance, it is noteworthy that the *Wojtczak* opinion concluded that Michigan courts "*will not* assume jurisdiction," rather than stating that the courts of this state *cannot* exercise jurisdiction under the circumstances described. See *id.* (emphasis added). Even more significant is the caselaw upon which the *Wojtczak* Court relied upon, namely, *Rogers v Guaranty Trust Co*, 288 US 123; 53 S Ct 295; 77 L Ed 652 (1933).

The stockholder plaintiff in *Rogers* filed suit in a New York federal district court against a New Jersey corporation and its directors and officers, challenging a share distribution scheme as contrary to New Jersey law. *Id*. at 124-125, 128-129. The district court dismissed the action without prejudice, and the United States Supreme Court affirmed the dismissal as an appropriate exercise of the district court's discretion. *Id*. at 132-133. Later, in *Wojtczak*, the Michigan Supreme Court quoted the following language from *Rogers* as support for its conclusion that Michigan courts "will not assume jurisdiction" over cases seeking restraint of internal affairs of foreign corporations:

> It has long been settled doctrine that a court—state or federal—sitting in one state will, as a general rule, decline to interfere with, or control by injunction or otherwise, the management of the internal affairs of a corporation organized under the laws of another state but will leave controversies as to such matters to the courts of the state of the domicile. [*Wojtczak*, 293 Mich at 452, quoting *Rogers*, 288 US at 130.]

Importantly, though not cited by the *Wojtczak* Court, the opinion in *Rogers* went on to explain the following after the above quoted passage:

> *While the District Court had jurisdiction to adjudge the rights of the parties, it does not follow that it was bound to exert that power.* It was free in the exercise of a sound discretion to decline to pass upon the merits of the controversy and to relegate plaintiff to an appropriate forum. Obviously no definite rule of general application can be formulated by which it may be determined under what circumstances a court will assume jurisdiction of stockholders' suits relating to the conduct of internal affairs of foreign corporations. But it safely may be said that jurisdiction will be declined whenever considerations of convenience, efficiency, and justice point to the courts of the state of the domicile as appropriate tribunals for the determination of the particular case. [*Rogers*, 288 US at 130-131 (citations omitted; emphasis added).]

With this understanding of *Rogers* in mind, we agree with Daystar that *Wojtczak* should not be read as negating the subject-matter jurisdiction the trial court otherwise holds under MCL 600.605. A court that has jurisdiction over the parties and subject matter may, as a matter of discretion, decline to exercise its jurisdiction "when convenience of parties and ends of justice would be better served if action were brought and tried in another forum." *Hernandez v Ford Motor Co*, 280 Mich App 545, 551-552; 760 NW2d 751 (2008) (quotation marks and citation omitted). *Wojtczak* simply recognizes that the choice-of-law considerations implicated by the internal affairs doctrine should guide a trial court's discretion in determining whether it ought to decline jurisdiction over certain actions involving foreign corporations that would be more

appropriately adjudicated in another forum.[4]  See *Stewart v Geostar Corp*, 617 F Supp 2d 532, 538 (ED Mich, 2007) (recognizing internal affairs doctrine as a choice-of-law principle); *Lapides v Doner*, 248 F Supp 883, 888 (ED Mich, 1965) (stating that *Wojtczak* did not establish a jurisdictional bar).

We further agree with Daystar's contention that the context of the relief sought in *Wojtczak* was significant in determining whether the trial court should decline jurisdiction.  In that case, the plaintiff requested that the trial court enjoin the defendant's performance of a contract it entered on the basis of a strategic business decision.  *Wojtczak*, 293 Mich at 451. Thus, granting the requested relief would clearly require the trial court to interfere with, and exercise control over, the ongoing internal operation and management of the defendant corporation.  The *Wojtczak* Court noted in particular that "[t]he suit at bar [was] not upon any pecuniary obligation due plaintiff."  *Id*. at 453.

Unlike in *Wojtczak*, the claims in this case do not require the trial court to become involved in the management of the internal affairs of a foreign business entity.  Daystar's numerous claims assert wrongful conduct by Hundley, resulting in losses suffered by Daystar's assignors for which Daystar seeks to recover money damages.  Hundley's claims likewise concern Byker's past conduct, undertaken directly or through various business entities, and similarly seek monetary damages.  Although Hundley, Byker, and their associated entities were formerly business partners and the transactions underlying the complaint arose during the course of that partnership, the parties do not ask the trial court to "interfere with, or control by injunction or otherwise, the management of the internal affairs of a corporation organized under the laws of another state . . . ."  *Wojtczak*, 293 Mich at 452, quoting *Rogers*, 288 US at 130. Rather, they merely ask that the trial court adjudicate the propriety of the parties' conduct in relation to the business venture and their respective rights to recover damages for allegedly wrongful conduct.[5]

In short, the trial court erred as a matter of law in dismissing this case for want of subject-matter jurisdiction because neither *Wojtczak* nor the internal affairs doctrine deprived the court

---

[4] Viewing the internal affairs doctrine as a choice-of-law principal is also consistent with relevant provision of the Business Corporation Act, MCL 450.1101 *et seq*., and the Limited Liability Company Act, MCL 450.4101 *et seq*.  See MCL 450.2002(2) (stating that the Business Corporation Act does not "authorize this state to *regulate* the organization or internal affairs of a foreign corporation") (emphasis added) and MCL 450.5001 ("Subject to the constitution of this state, the laws of the jurisdiction under which a foreign limited liability company is organized shall govern its organization and internal affairs . . . .").

[5] We also note that Daystar—a Florida limited liability company and the assignee of various causes of action against Hundley—is the only foreign business entity named as a party in this action at the present juncture.  While the internal operations of other foreign entities may establish or negate the factual basis for the parties' claims, it is improbable that these proceedings could work to interfere with the internal affairs of these nonparties.

of jurisdiction to adjudicate the parties' claims. Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Anica Letica