*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JUAN CARLOS NEGRON,

        Plaintiff-Appellee,

UNPUBLISHED
March 12, 2020

v

No. 350016
Wayne Circuit Court
Family Division
LC No. 18-109614-DC

ASHUNTUS LADAWN WATTS,

        Defendant-Appellant.

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this child custody action, defendant appeals as of right the trial court's final custody and parenting time order granting plaintiff sole legal and physical custody of plaintiff and defendant's children, JIN and JJN. On appeal, defendant argues that the trial court erred by denying her motion for summary disposition under MCR 2.116(C)(4) and her motion for reconsideration because the trial court lacked subject-matter jurisdiction to make an initial custody determination under MCL 722.1201(1). We disagree.

## I. FACTUAL BACKGROUND

In the summer of 2017, the parties were residing together in Alabama with JIN and JJN. The parties agreed to send the children to Michigan to live with their maternal grandmother, Valerie Owens, so that the children could attend school in Michigan for the 2017-2018 school year. The children moved into Owens' home in July 2017. Plaintiff came to Michigan to visit the children and in September 2017, decided to stay in Michigan to live with Owens and help care for the children.

The children moved back to Alabama to live with defendant in July 2018. Plaintiff remained in Michigan. The children resided with defendant and her boyfriend, Steven Weaver in Alabama. Defendant admitted to Weaver in July 2018, that she hit JIN with a coat hanger, and Weaver noticed marks on JJN's leg that also appeared to be caused by a coat hanger. On a separate occasion, Weaver returned from work and found that defendant left a loaded firearm on the coffee table while the children were unsupervised. In August 2018, Weaver contacted plaintiff and told

plaintiff that he feared for the children's safety. On August 1, 2018, plaintiff filed a custody complaint and an ex parte motion in Wayne Circuit Court seeking emergency temporary custody of the children based upon allegations of abuse. The trial court granted plaintiff's ex parte motion, and the children returned to Michigan to live with plaintiff in August 2018.

On October 9, 2018, defendant filed a motion for summary disposition under MCR 2.116(C)(4), arguing that the trial court lacked subject-matter jurisdiction under MCL 722.1201(1) to make a custody determination. The trial court took defendant's motion under advisement. No order was entered by that judge. The case was re-assigned from the original judicial officer to another judge who convened an evidentiary hearing regarding the contested issues of parenting time and custody in May 2019. The court determined that it had subject-matter jurisdiction under MCL 722.1201(1) because although the children were in Alabama at the time plaintiff filed the motion for custody, the majority of the children's time during the six months prior to that filing was spent in Michigan. Accordingly, defendant's motion for summary disposition was denied. The court granted plaintiff sole physical and legal custody of both children. A final order granting plaintiff custody was entered on June 7, 2019. Defendant filed a motion for reconsideration that was denied on July 12, 2019.

## II. ANALYSIS

Defendant argues that the trial court erred by denying her motion for summary disposition under MCR 2.116(C)(4) and her motion for reconsideration because the trial court lacked subject-matter jurisdiction to make an initial custody determination under MCL 722.1201(1). We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is proper under MCR 2.116(C)(4) when the trial court lacks jurisdiction over the subject matter of a claim. *Daystar Seller Fin, LLC v Hundley*, 326 Mich App 31, 34; 931 NW2d 15 (2018). "Whether a trial court had subject-matter jurisdiction over a claim is a question of law that is reviewed de novo." *Id*. (citation and quotation marks omitted).

Under the Uniform Child Custody Jurisdiction and Enforcement Act, MCL 722.1101 *et seq.*, a Michigan court has jurisdiction to make an initial child custody determination only if: (1) Michigan is the home state of the child on the date of commencement of the proceeding, or was the home state of the child within six months before commencement of the proceeding and the child is absent from Michigan but a parent continues to live in Michigan, (2) a foreign court does not have jurisdiction by reason of the child's residency, or the court of the home state has declined to exercise jurisdiction on the basis that Michigan is the more appropriate forum, and the child and his parents have a significant connection with Michigan other than mere physical presence, and substantial evidence is available in Michigan concerning the child's care, protection, training, and personal relationships, (3) all courts having jurisdiction have declined to exercise jurisdiction on the basis that Michigan is the more appropriate forum, or (4) no court of another state has jurisdiction. MCL 722.1201(1); *Foster v Wolkowitz*, 486 Mich 356, 364-365; 785 NW2d 59 (2010). The physical presence of a party or child is neither necessary nor sufficient to establish jurisdiction. MCL 722.1201(1)(3); *Foster*, 486 Mich at 365.

A home state is defined as "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding." MCL 722.1102(g). At the evidentiary hearing, several witnesses testified that the children lived in Michigan for a period of 12 consecutive months from July 2017 to July 2018. The children began living in Michigan with Owens in July 2017. During that period, Owens was acting as a parent because she provided for all the children's needs on a daily basis. Several witnesses also testified that plaintiff lived in Michigan with the children for a period of 10 consecutive months from September 2017 to July 2018. Thus, the children lived with a parent, the plaintiff, for at least six consecutive months immediately before the child custody proceeding was commenced in August 2018. Accordingly, Michigan was the children's home state under MCL 722.1102(g). These uncontested facts also support the Michigan court's jurisdiction under MCL 722.1101(1). Michigan became the children's home state in January 2018, more than six months before plaintiff's motion for custody was filed in August 2018. Further, while the children were absent from Michigan when the proceeding was commenced in August 2018, plaintiff remained in Michigan and continued to reside there. Accordingly, because Michigan was the children's home state within six months before the commencement of the proceeding, the children were absent from Michigan when the proceeding commenced, and plaintiff continued to live in Michigan, the trial court did not err when it determined that it had subject-matter jurisdiction to make the initial child custody determination.

Defendant also asserts that the trial court lacked jurisdiction over this matter because plaintiff's ex parte motion for emergency custody was based upon a fabrication of the facts, and plaintiff did not provide any supporting documents or information to prove that the children were being abused when the prayer for ex parte relief was filed. We find this issue abandoned for want of supporting legal analysis. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [s]he give only cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations and quotation marks omitted). "An appellant's failure to properly address the merits of [her] assertion of error constitutes abandonment of the issue." *Id*. at 339-340 (citation omitted).

However, even assuming arguendo that defendant has not abandoned her claim, we find that the trial court properly exercised jurisdiction over this matter after considering plaintiff's ex parte motion for emergency custody. MCR 3.207(B)(1) provides:

> Pending the entry of a temporary order, the court may enter an ex parte order if the court is satisfied by specific facts set forth in an affidavit or verified pleading that irreparable injury, loss, or damage will result from the delay required to effect notice, or that notice itself will precipitate adverse action before an order can be issued.

"[A] pleading may be verified merely by the declaration that the statements in the pleading are true and accurate to the best of the signer's information, knowledge and belief[.]" *Miller v Rondeau*, 174 Mich App 483, 487; 436 NW2d 393 (1988). When plaintiff filed the ex parte motion seeking emergency custody of his children, he alleged that the children were being emotionally, physically, and verbally abused. Plaintiff also averred, "I declare that the statements above are true to the best of my information, knowledge, and belief," and plaintiff signed the motion.

Accordingly, plaintiff's allegations of abuse constituted specific facts set forth in a verified pleading. *Id*. For this reason, the trial court properly considered plaintiff's allegations in accordance with MCR 3.207(B). Thus, the trial court did not err when it granted plaintiff's ex parte motion for emergency custody of the children.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto