*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LDM LLC, doing business as UNITED METAL
PRODUCTS,

UNPUBLISHED
July 27, 2023

        Plaintiff-Appellant,

v

No. 363862
Wayne Circuit Court
LC No. 22-008574-CZ

STATE OF MICHIGAN UNEMPLOYMENT
INSURANCE AGENCY,

        Defendant-Appellee.

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the circuit court's order granting summary disposition in favor of the Michigan Unemployment Insurance Agency (UIA) for lack of subject matter jurisdiction. For the reasons set forth in this opinion, we reverse.

## I. BACKGROUND

On July 19, 2022, plaintiff initiated this action against the UIA, alleging one count for violations of MCL 421.15(j) and one count for declaratory judgment. According to the complaint, the UIA sent a notice to plaintiff on October 25, 2017, for purportedly delinquent unemployment tax contributions of approximately $32,731.31 for periods from 2011 through 2014, and the UIA subsequently sent a notice of intent to withhold federal income tax refund on February 16, 2018, for alleged delinquent tax contributions for periods from 2012 and 2013. The complaint alleged that on June 4, 2018, a conversation occurred between representatives for plaintiff and a representative for the UIA during which plaintiff's representatives indicated that they had not received any notice of these alleged deficiencies until the February 16, 2018 notice. Plaintiff's representatives allegedly told the UIA's representative that they wished to protest approximately $10,044.58 in interest that was purportedly due and that plaintiff would pay approximately $19,929.27 toward the principal under protest due to the UIA's improper and untimely notice. Plaintiff allegedly paid this amount ($19,929.27) and included with the payment a letter summarizing its position. The complaint alleged that the UIA's representative "was supposed to

follow-up her June 4, 2018 conversation with [plaintiff's representatives] with a letter indicating the UIA's determination on Plaintiff's protest but Plaintiff never received such a determination."

According to the complaint, on June 7, 2019, the UIA sent plaintiff a response to a request for cancellation of interest and penalty that stated (1) that the UIA had "received a request to cancel interest and penalties on Plaintiff's account in the amount of $16,740.48," (2) "that the amount denied would remain on Plaintiff's account," and (3) "that the principal amount of claimed unpaid delinquent unemployment tax contributions would continue to accrue interest at the rate of 1% per month computed daily." The response also advised plaintiff that the result of the cancellation request could not be protested. On June 15, 2022, the UIA allegedly sent a notice to withhold to plaintiff's bank, without providing any such notice to plaintiff. The notice to withhold instructed the bank to retain $23,337.47 of plaintiff's funds in its account for payment to the UIA, reflecting $16,696.98 in unpaid principal unemployment tax contributions and $6,640.49 in interest through July 29, 2022.

In its complaint, plaintiff alleged that it did not owe the assessments imposed by the UIA because "[a]ll of the UIA's assessments claimed from Plaintiff violate MCL 421.15(j)" as a result of being "for periods of more than three (3) calendar years preceding: (a) the UIA's October 25, 2017 notice of Assessments Involved in Delinquency, (b) the UIA's February 14, 2018 Notice of Intent to Withhold Federal Income Tax Refund, and (c) the UIA's June 15, 2022 Notice to Withhold to Huntington bank." In its declaratory judgment count, plaintiff essentially alleged that it was entitled under MCL 421.15(j) to a declaratory judgment requiring the UIA to return, and refrain from seeking, all of the assessments and interest improperly imposed on plaintiff. The complaint alleged that "Plaintiff paid the improperly charged or assessed contributions under protest within 30 days after the mailing of the notice of determination of assessment which has not been sent yet as promised by [the UIA's representative]." The complaint also alleged that plaintiff "provided the UIA with written notice of its claim on June 4, 2018, which is more than 30 days before the filing of this action as required by MCL 421.15(d)."

Plaintiff filed this action against the UIA in the Wayne Circuit Court, alleging that the circuit court had "jurisdiction of this matter pursuant to MCL 421.15(d) because this is an action to recover improperly collected contributions and interest."

In leu of an answer, the UIA moved for summary disposition under MCR 2.116(C)(4), for lack of jurisdiction, and MCR 2.116(C)(8), for failure to state a claim on which relief can be granted. The UIA argued that "dismissal of [plaintiff's] request for a declaratory judgment" was warranted under MCR 2.116(C)(4) because the circuit court "lacks jurisdiction to decide matters relegated to the Court of Claims under MCL 600.6419(1)." Additionally, the UIA argued that plaintiff "did not pay the full amount of the assessment under protest within 30 days of the date of the assessment" as required by MCL 421.15(d) to permit filing an action in the circuit court to recover the amount improperly collected and that plaintiff also did not provide the 30-day notice of its intent to file a claim that is also required by MCL 421.15(d). The UIA therefore maintained that dismissal of plaintiff's action in its entirety was warranted under MCR 2.116(C)(4) and (8).

The circuit court decided the motion without oral argument and granted the UIA's motion for summary disposition. The entirety of the trial court's rationale was one conclusory sentence:

"This court lacks subject matter jurisdiction to decide matters relegated to the Court of Claims under MCL 600.6419(1)." Plaintiff now appeals.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo on appeal. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Summary disposition is proper under MCR 2.116(C)(4) when '[t]he court lacks jurisdiction of the subject matter.' " *Daystar Seller Financing, LLC v Hundley*, 326 Mich App 31, 34; 931 NW2d 15 (2018), quoting MCR 2.116(C)(4) (alteration in original). "[W]hether a trial court had subject-matter jurisdiction over a claim is a question of law that is reviewed de novo." *Daystar*, 326 Mich App at 35 (quotation marks and citation omitted; alteration in original). A motion under MCR 2.116(C)(8) is decided on the pleadings alone, accepting all factual allegations as true, and "may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160. "[T]he interpretation and application of a statute is a question of law reviewed de novo by an appellate court." *In re Wayne Co Treasurer*, 265 Mich App 285, 290; 698 NW2d 879 (2005).

## III. ANALYSIS

The only issue presently before this Court is whether the circuit court had subject-matter jurisdiction over this action. The circuit court determined that it did not have subject-matter jurisdiction because this type of action had been solely "relegated to the Court of Claims under MCL 600.6419(1)." Thus, the more specific issue becomes whether the Court of Claims has exclusive subject-matter jurisdiction under MCL 600.6419(1) over the type of action brought by plaintiff in this case.

"In general, subject-matter jurisdiction has been defined as a court's power to hear and determine a cause or matter." *In re Wayne Co Treasurer*, 265 Mich App at 291. Subject-matter jurisdiction refers to "the deciding body's authority to try a case of the kind or character pending before it, regardless of the particular facts of the case." *O'Connell v Dir of Elections*, 316 Mich App 91, 100; 891 NW2d 240 (2016) (quotation marks and citation omitted).

"Circuit courts are courts of general jurisdiction that derive their power from the Michigan Constitution." *Prime Time Int'l Distrib, Inc v Dep't of Treasury*, 322 Mich App 46, 51; 910 NW2d 683 (2017). The circuit court has "original jurisdiction in all matters not prohibited by law." Const 1963, art 6, § 13. Furthermore, "[c]ircuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. This Court has thus explained that "circuit courts are presumed to have subject-matter jurisdiction unless jurisdiction is expressly prohibited or given to another court by constitution or statute." *In re Wayne Co Treasurer*, 265 Mich App at 291.

In general terms, the Court of Claims has been statutorily granted "exclusive jurisdiction over certain claims against the state and its subparts*." Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 767; 664 NW2d 185 (2003), citing MCL 600.6419. In relevant part, MCL 600.6419 provides as follows:

-3-

(1) Except as provided in sections 6421 and 6440, the jurisdiction of the court of claims, as conferred upon it by this chapter, is exclusive. . . . Except as otherwise provided in this section, the court has the following power and jurisdiction:

(a) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.

* * *

(4) This chapter does not deprive the circuit court of this state of jurisdiction over actions brought by the taxpayer under the general sales tax act, 1933 PA 167, MCL 205.51 to 205.78, upon the circuit court, or proceedings to review findings as provided in the Michigan employment security act, 1936 (Ex Sess) PA 1, MCL 421.1 to 421.75, or any other similar tax or employment security proceedings expressly authorized by the statutes of this state.

Resolution of the issue presented on appeal presents a question of statutory interpretation. "The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature." *In re Wayne Co Treasurer*, 265 Mich App at 290. " 'The Legislature is presumed to have intended the meaning it plainly expressed. If the plain and ordinary meaning of the statutory language is clear, then judicial construction is neither necessary nor permitted. A court is required to enforce a clear and unambiguous statute as written.' " *Prime Time*, 322 Mich App at 51 (citation omitted).

As previously stated, circuit courts have subject-matter jurisdiction "to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. Although MCL 600.6419(1)(a) generally confers exclusive subject-matter jurisdiction on the Court of Claims over claims "against the state or any of its departments or officers," MCL 600.6419(4) expressly provides that "[t]his chapter does not deprive the circuit court of this state of jurisdiction over . . . proceedings to review findings as provided in the Michigan employment security act, 1936 (Ex Sess) PA 1, MCL 421.1 to 421.75, or any other similar tax or employment security proceedings expressly authorized by the statutes of this state."

Here, plaintiff brought a claim under MCL 421.15, which provides in relevant part as follows:

(d) An employer or employing unit improperly charged or assessed contributions provided for under this act, or a claimant, employee of the unemployment agency, or third party improperly assessed a penalty under this act and who paid the contributions or penalty under protest within 30 days after the mailing of the notice of determination of assessment, may recover the amount

improperly collected or paid, together with interest, in any proper action against the unemployment agency. *The circuit court* of the county in which the employer or employing unit or claimant, employee of the unemployment agency, or third party resides, or, in the case of an employer or employing unit, in which the principal office or place of business of the employer or employing unit is located, *has original jurisdiction of an action to recover contributions improperly paid or collected or a penalty improperly assessed whether or not the charge or assessment has been reviewed by the unemployment agency or heard or reviewed by an administrative law judge or the Michigan compensation appellate commission.* The court does not have jurisdiction of the action unless written notice of the claim is given to the unemployment agency at least 30 days before the institution of the action. In an action to recover contributions paid or collected or penalties assessed, the court shall allow costs it considers proper. Either party to the action has the same right of appeal as provided by law in other civil actions. A claimant, employee of the unemployment agency, or third party shall not bring an action against the unemployment agency under this subsection unless it is brought only to recover penalties and interest on those penalties improperly assessed by the unemployment agency under section 54(a) or (b) or sections 54a to 54c. If a final judgment is rendered in favor of the plaintiff in an action to recover the amount of contributions illegally collected or charged, the treasurer of the unemployment agency, upon receipt of a certified copy of the final judgment, shall pay the amount of contributions illegally collected or charged or penalties assessed from the clearing account, and pay interest as allowed by the court, in an amount not to exceed the actual earnings of the contributions as found to have been illegally collected or charged, from the contingent fund.

* * *

(j) An assessment or penalty with respect to contributions unpaid is not effective for any period before the 3 calendar years preceding the date of the assessment. [Emphasis added.]

MCL 421.15 is contained within the Michigan Employment Security Act, MCL 421.1 *et seq.* Under MCL 421.15(d), plaintiff's action plainly constituted "proceedings to review findings as provided in the Michigan employment security act, 1936 (Ex Sess) PA 1, MCL 421.1 to 421.75, or any other similar tax or employment security proceedings expressly authorized by the statutes of this state." MCL 600.6419(4). " '[W]here this Court must examine certain statutory language to determine whether the Legislature intended to deprive the circuit court of jurisdiction,' this Court has explained, '[t]he language must leave no doubt that the Legislature intended to deprive the circuit court of jurisdiction of a particular subject matter.' " *Prime Time*, 322 Mich App at 52 (citation omitted; alterations in original). Therefore, pursuant to MCL 600.6419(4), the circuit court in this case erred by dismissing the entirety of plaintiff's complaint on the ground that it had

been deprived of subject-matter jurisdiction under MCL 600.6419(1).[1]  Accordingly, we reverse and remand for further proceedings.

The trial court did not rule on any of the other arguments raised by the parties, and we thus decline to address these additional arguments at this juncture to allow the trial court to address them in the first instance; there is nothing at this point for this Court to review regarding these additional arguments.  See *O'Connell*, 316 Mich App at 109 (declining to address an issue that was not addressed or decided by the trial court).

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.  Plaintiff having prevailed in full is entitled to costs.  MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien

---

[1] Notably, both counts of plaintiff's complaint relied on alleged violations of MCL 421.15(j).