SMITH v SMITH

Docket No. 59470. Submitted June 23, 1982, at Detroit.—Decided March 2, 1983.

Minna Smith, by and through her temporary guardian, Edith Lazorshak, brought an action for divorce in the Oakland Circuit Court on April 1, 1981. Guardianship-conservatorship proceedings had been commenced in the Oakland County Probate Court in September, 1980. Mrs. Lazorshak was appointed temporary guardian and conservator. On April 15, 1981, Minna was adjudged mentally incompetent, and Mrs. Lazorshak was appointed to be her guardian and conservator. Defendant moved for accelerated judgment on April 27, 1981, claiming that Minna lacked legal capacity to sue. The trial court granted defendant's motion. Plaintiff appealed. *Held:*

A mentally incompetent spouse may sue for divorce by and through a guardian.

Reversed and remanded.

CYNAR, P.J., dissented. He would hold that the Michigan Legislature has not provided for an action for divorce on behalf of a mentally incompetent individual by a guardian and such a right should not be read into the statute.

OPINION OF THE COURT

1. DIVORCE — GUARDIAN AND WARD — CAPACITY TO SUE.

A mentally incompetent spouse may sue for divorce by and through a guardian (GCR 1963, 11, 201.5[1], 722.2).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation § 273.

Power of incompetent spouse's guardian, committee, of next friend to sue for granting or vacation of divorce or annulment of marriage, or to make a compromise or settlement in such suit. 6 ALR3d 681.

Insanity as affecting right to divorce or separation on other grounds. 19 ALR2d 144.

2. DIVORCE — GUARDIAN AND WARD — CAPACITY TO SUE.
   The Michigan Legislature has not provided for an action for
   divorce on behalf of a mentally incompetent individual by a
   guardian and such a right should not be read into the statute.

*John F. Mills* for plaintiff.

*Ronald R. Gold* for defendant.

Before: CYNAR, P.J., and N. J. KAUFMAN and
P. R. MAHINSKE,* JJ.

PER CURIAM. Minna Smith, by and through her
temporary guardian, Edith Lazorshak, brought
this action for divorce in Oakland County Circuit
Court on April 1, 1981. Defendant moved for accel-
erated judgment on April 27, 1981, claiming that
Minna lacked legal capacity to sue. In an opinion
and order filed August 7, 1981, the trial court
granted defendant's motion. Minna, by and
through her guardian, appeals as of right.

The Smiths were married in 1962 and are cur-
rently in their mid-90's. In July, 1980, Minna
suffered a fall at the couple's residence in Mio,
Oscoda County. She suffered a fractured pelvis and
was admitted to Tolfree Hospital in West Branch.
On August 19, 1980, Minna was signed out of the
hospital pursuant to a power of attorney naming
her daughter, Edith Lazorshak, her attorney-in-
fact. Minna was taken to Mrs. Lazorshak's home
in Bloomfield Hills, Oakland County, for further
care from Mrs. Lazorshak and her husband.
Guardianship-conservatorship proceedings were
commenced in Oakland County Probate Court in
September, 1980. Mrs. Lazorshak was appointed
temporary guardian and conservator. On April 15,
1981, Minna was adjudged mentally incompetent,
and Mrs. Lazorshak was appointed to be her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

guardian and conservator. Since that time, Mrs. Lazorshak has served as Minna's guardian, conservator, and private nurse.

This appeal presents an issue of first impression: whether a mentally incompetent spouse can bring a divorce action by her guardian.[1]

GCR 1963, 722.2 provides:

"Actions for divorce and separate maintenance by or against incompetent persons shall be brought as provided in sub-rule 201.5."

GCR 1963, 201.5(1) provides, in relevant part:

"Whenever an infant or incompetent person has a guardian of his estate, actions may be brought and shall be defended by such guardian in behalf of the infant or incompetent person."

Noting that the General Court Rules govern practice in the circuit courts, recorder's court, Court of Appeals, and Supreme Court, GCR 1963, 11, we must conclude that a mentally incompetent spouse can sue for divorce by and through her guardian.[2]

Accordingly, the trial court erred in granting defendant's motion for accelerated judgment.

Reversed and remanded. Costs to plaintiff.

---

[1] In *Stevens v Stevens,* 266 Mich 446, 449; 254 NW 162 (1933), the Supreme Court stated in dicta that an insane person cannot initiate a divorce action, in the absence of an authorizing statute, in either his own name or in the name of his guardian.

[2] We recognize that the majority of states do not permit a guardian to sue for divorce on behalf of a ward. See Anno: *Power of incompetent spouse's guardian, committee, or next friend to sue for granting or vacation of divorce or annulment of marriage, or to make a compromise or settlement in such suit,* 6 ALR3d 681, 684-688. However, we believe the general rule is inapplicable in Michigan in light of GCR 1963, 722.2.

CYNAR, P.J. *(dissenting).* The Michigan Legislature has not provided for an action for divorce on behalf of a mentally incompetent individual by a guardian and such a right should not be read into the statute. I would affirm the granting of defendant's motion for accelerated judgment.