HOUGHTON v KELLER

Docket No. 232524. Submitted April 15, 2003, at Lansing. Decided April 22, 2003, at 9:00 A.M. Leave to appeal sought.

Jon Houghton, as guardian and conservator for JoAnn Houghton Johnson, also known as JoAnn Johnson Keller, a legally incompetent person, brought an action in the Oakland Circuit Court against Ronald P. Keller, seeking a judgment of divorce. The defendant objected, alleging that the guardian and conservator of an incompetent spouse may not initiate a divorce action on behalf of that spouse. The court, Gene Schnelz, J., disagreed with the defendant's contention, found the statutory requirements for a divorce to be satisfied, and entered an order and judgment of divorce. The defendant appealed.

The Court of Appeals *held*:

1. A guardian may bring an action for divorce on behalf of an incompetent spouse pursuant to MCR 2.201(E) and 3.202(A).

2. MCL 552.6 does not expressly prohibit a guardian from filing an action for divorce on behalf of a spouse.

Affirmed.

DIVORCE — GUARDIAN AND WARD — CAPACITY TO SUE.

A legally incompetent spouse may sue for a divorce by and through a guardian (MCR 2.201[E], 3.202[A]).

*Dykema Gossett PLLC* (by *Mark H. Sutton*) (*Denise Alexander*, of counsel) for the plaintiff.

*Law Offices of James Leonard Elsman* (by *James Leonard Elsman* and *Robert Katz*) for the defendant.

Before: WHITBECK, C.J., and FITZGERALD and ZAHRA, JJ.

PER CURIAM. Defendant appeals as of right a judgment of divorce. We affirm.

Defendant first argues that the trial court erred in ruling that a guardian can initiate a divorce action on behalf of an incompetent spouse. We disagree.

In *Smith v Smith*, 125 Mich App 164; 335 NW2d 657 (1983), this Court ruled that a mentally incompetent spouse can bring a divorce action by her guardian. *Id.* at 166.[1] This Court relied on General Court Rule (GCR) 1963, 722.2, which provided, " 'Actions for divorce and separate maintenance by or against incompetent persons shall be brought as provided in sub-rule 201.5.' " GCR 1963, 201.5(1) provided, " 'Whenever an infant or incompetent person has a guardian of his estate, actions may be brought and shall be defended by such guardian in behalf of the infant or incompetent person.' " *Smith supra* at 166.

The current court rules on domestic relations actions are contained in Michigan Court Rules subchapter 3.200. MCR 3.201 provides that subchapter 3.200 applies to actions for divorce. MCR 3.202(A) provides, "Except as provided in subrule (B) [relating to emancipated minors], minors and incompetent persons may sue and be sued as provided in MCR 2.201." MCR 2.201(E), relating to minors and incompetent persons, provides in pertinent part:

(1) Representation.

(a) If a minor or incompetent person has a conservator, actions may be brought and must be defended by the conservator on behalf of the minor or incompetent person.

(b) If a minor or incompetent person does not have a conservator to represent the person as plaintiff, the court shall appoint a competent and responsible person to appear

---

[1] Pursuant to MCR 7.215(I), this Court is not required to follow the rule of law established by a prior published decision of this Court issued before November 1, 1990.

as next friend on his or her behalf, and the next friend is responsible for the costs of the action.

(c) If the minor or incompetent person does not have a conservator to represent the person as defendant, the action may not proceed until the court appoints a guardian ad litem . . . .

We agree with the reasoning in *Smith* and conclude that, on the basis of MCR 3.202(A) and MCR 2.201(E), a guardian can bring an action for divorce on behalf of an incompetent spouse.

Defendant also contends that MCL 552.6 reserves the power to dissolve a marriage exclusively to the parties to that marriage and that MCR 3.202(A) "changes" the statutory requirements of MCL 552.6. MCL 552.6 provides in pertinent part:

(1) A complaint for divorce may be filed in the circuit court upon the allegation that there has been a breakdown of the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved. In the complaint the plaintiff shall make no other explanation of the grounds for divorce than by the use of the statutory language.

Defendant does not clearly explain the "statutory requirements" that he suggests were changed by MCR 3.202. The statute requires that the plaintiff allege that there has been a breakdown of the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved. Defendant appears to be suggesting that if the Legislature intended to provide for actions by a guardian, the Legislature would have expressly provided for this in MCL 552.6. However, the converse argument can be

made that, had the Legislature intended to prohibit actions by guardians on behalf of a spouse, it would have expressly said so in the language of MCL 552.6. Nothing in the language of MCL 552.6 expressly prohibits guardians from filing a complaint for divorce on behalf of a party to the marriage. Defendant has not shown how the language in MCR 3.202(A), providing in relevant part that "incompetent persons may sue and be sued as provided in MCR 2.201," changes the statutory requirements for divorce.

Defendant further argues that MCR 3.202(A) is unconstitutional because it is in conflict with the statutory requirements of MCL 552.6. However, as noted above, the court rule does not change the statutory provisions pertaining to divorce and, therefore, the premise of defendant's argument fails.

Defendant raises a number of additional arguments, none of which is supported by sufficient argument, citation of the record, or citation of supporting authority. An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998); *People v Leonard*, 224 Mich App 569, 588; 569 NW2d 663 (1997), nor may he give issues cursory treatment with little or no citation of supporting authority. *Goolsby v Detroit*, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984), appeal from decision and order of Michigan Employment Relations Commission entered by commission on remand from the Supreme Court, 211 Mich App 214; 535 NW2d 568 (1995); *Silver Creek Twp v Corso*, 246 Mich App 94, 99; 631 NW2d 346 (2001). An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the

issue. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). Thus, we consider these arguments abandoned.

Affirmed.