# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
January 20, 2015

*In re* KELLER, Minors.

No. 321603
Kalamazoo Circuit Court
Family Division
LC No. 2006-00213-NA

Before: RIORDAN, P.J., and MARKEY and WILDER, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to the minor children AMK, HLK, and HEK under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (c)(*ii*) (other conditions exist that cause the children to come within the court's jurisdiction and after notice, they have not been rectified), (g) (failure to provide proper care and custody), and (j) (there is a reasonable likelihood the children will be harmed if returned to parent). We affirm.

To terminate parental rights, the trial court must find that clear and convincing evidence establishes at least one of the grounds for doing so listed in MCL 712A.19b(3). *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). On appeal, respondent only challenges the finding that it was in the children's best interests to terminate her parental rights. We review a trial court's finding that termination is in the child's best interests for clear error. *VanDalen*, 293 Mich App at 139. When deciding whether termination of parental rights is in a child's best interests, a court may consider the child's bond to the parent, parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. *In re Olive/Metts*, 297 Mich App at 41-42.

Here, respondent had a history of involvement with Child Protective Services dating back to 2006. The children were briefly removed from her care in 2009 because of her substance abuse. Although it was believed respondent benefitted from services, another petition was filed in November 2010. HEK was with respondent in her vehicle when his father hit respondent's vehicle with a baseball bat. The children were later removed from respondent's care in April 2011 because of respondent's substance abuse. They were returned in August 2011, but there were later allegations that respondent shoplifted in the presence of HEK and HLK. The children

-1-

were again removed from respondent's care in January 2012 because of respondent's substance abuse. There were times during the proceeding when respondent did not attend parenting time visitation, and she never took the steps necessary to acquire overnight visitations. It was over 2-1/2 years into the proceeding before respondent began consistently complying with services and maintaining sobriety. At the time of termination, the children had been out of her care for over two years. During the more than three year proceeding, HEK demonstrated aggressive behavior, and the record supports that the behavior originated from trauma suffered while in respondent's care and in foster care. HLK believed that respondent stole, used drugs, and lied, but respondent did not take responsibility for her past actions and blamed the foster mother for providing the children with negative information about her. AMK had not seen respondent for seven months at the time of termination and did not wish to see respondent in the future because she did not approve of respondent's behavior and decisions. AMK indicated that she would be disappointed if respondent's parental rights were not terminated. Respondent's bond with the children was simply not healthy for them. See *In re Olive/Metts*, 297 Mich App at 41-42.

At the time of termination, HEK had behavioral and emotional issues, all of the children were diagnosed with mental health problems, and they all required permanency and stability. Contrary to respondent's arguments on appeal, there is no indication that she would be able or willing to provide a stable and permanent environment for the children within a reasonable time. At the time of termination, the children had been in foster care for two years. The children improved and felt safe in that placement. The foster mother attended to HEK's mental health needs and wished to adopt the children. Although HEK wavered at times regarding whether he wanted to be adopted, the record establishes that he expressed a desire to change his last name to that of the foster parents, referred to the foster parents as "mom and dad," and referred to the foster mother as his "real" mom at one point during the proceeding. HLK referred to the foster parents as "mom and dad" at times, and AMK indicated that she wanted them to adopt her. On this record, we conclude that the trial court did not clearly err in finding that termination of respondent's parental rights was in the minor children's best interests. *VanDalen*, 293 Mich App at 139.

Respondent also argues that her right to due process was violated because the trial court impermissibly shifted the burden of proof onto respondent before the termination hearing was held. Respondent failed to cite to supporting authority or explain or rationalize her argument on appeal; consequently, we could deem it abandoned. *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003). Nonetheless, we find no evidence in the record to support the contention that the trial court impermissibly shifted the burden of proof to respondent at the termination stage of the proceeding. See MCR 3.977(A)(3). Respondent is not entitled to relief because she has not demonstrated that plain error affected her substantial rights. *In re Utrera*, 281 Mich App 1, 8-9; 761 NW2d 253 (2008).

Respondent also argues that reasonable efforts were not made to facilitate reunification because petitioner failed to provide individual counseling at one point during the proceeding, failed to provide family counseling within a timely manner, and failed to provide assistance with locating employment and housing. Respondent also argues that reversal of the termination order is proper because petitioner failed to make reasonable efforts toward reunification after July 2013. Because respondent failed to cite supporting authority or explain or rationalize her reasonable-efforts arguments, they are abandoned. *Houghton*, 256 Mich App at 339.

Nevertheless, we find that respondent's arguments do not warrant relief given the fact that during the lengthy proceeding, she received a multitude of services but often failed to take advantage of them. Respondent has not demonstrated plain error affecting her substantial rights. *In re Utrera*, 281 Mich App at 8-9.

Next, respondent argues that reversal of the termination order is required because the foster mother failed to make reasonable efforts to reunify her with the children. Respondent again fails to cite authority to support her contention that a foster parent is required to make reasonable reunification efforts. Indeed, existing authority only supports that the agency charged with the care of the child is required to make such efforts. See *In re Rood*, 483 Mich 73, 89; 763 NW2d 587 (2009); MCL 712A.18f. In sum, we find respondent's argument untenable.

Finally, respondent argues that her constitutional rights to due process and equal protection were violated because of petitioner's alleged failure to provide reasonable services to facilitate reunification. Because respondent abandoned her arguments that reasonable efforts toward reunification were not made, and her arguments that her constitutional rights were violated are based on petitioner's alleged failure to provide services, we must conclude that she has also abandoned the constitutional arguments. *Id.* Moreover, based on this record, even if she had not abandoned these issues on appeal, respondent would not be entitled to relief because she has not demonstrated plain error affecting her substantial rights. *In re Utrera*, 281 Mich App at 8-9.

We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Kurtis T. Wilder

-3-