*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PRISCILLA GOLDNER,

UNPUBLISHED
February 14, 2019

Plaintiff-Appellant,

v

No. 339126
Berrien Circuit Court
LC No. 15-000245-NF

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellee.

Before: METER, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Plaintiff, Priscilla Goldner, appeals an April 25, 2017 judgment of no cause of action in favor of defendant, Auto-Owners Insurance Company. The trial court entered the judgment following a jury trial. We affirm.[1]

In 2006, plaintiff suffered serious injuries when a vehicle ran her over multiple times, causing severe damage to her spine. At the time of the incident, plaintiff had a no-fault insurance policy issued by defendant. Defendant paid plaintiff personal injury protection (PIP) benefits from 2006 until June 1, 2015. Defendant stopped paying PIP benefits in 2015 due to suspicious activity involving, *inter alia*, attendant care benefits. According to plaintiff, defendant abruptly stopped paying PIP benefits on June 1, 2015, and she commenced this lawsuit alleging breach of contract and seeking payment of certain PIP benefits.

Before trial, plaintiff submitted a trial brief outlining the PIP benefits to which she alleged she was entitled. Plaintiff claimed that she was entitled to reimbursement for the following services: "24/7 attendant care," massage therapy, chiropractic care, "medical management and prescription provision (narcotics)," psychiatric treatment and drugs for

---

[1] Plaintiff has appealed the trial court's order awarding case evaluation sanctions to defendant and denying plaintiff's motion for attorney fees in Docket No. 342945, which has been submitted with the instant appeal.

depression, and mileage. Prior to trial, the parties resolved many of the issues, and only the attendant care benefits and massage therapy services were at issue at trial.

The trial court held a three-day jury trial in April 2017. At the close of plaintiff's proofs, defendant moved for a directed verdict regarding all of plaintiff's claims for unpaid PIP benefits. The trial court granted defendant's motion in part, concluding there was no evidence on which the jury could conclude that plaintiff was entitled to an award for unpaid massage therapy services. However, the trial court held there was a question as to attendant care benefits. At the close of defendant's proofs, the trial court reconsidered defendant's motion for a directed verdict. The trial court concluded that it would limit the jury's consideration of attendant care benefits based on plaintiff's single exhibit, which provided possible evidence of expenses incurred between June 8, 2015, and November 8, 2015. Thereafter, the jury returned a no cause of action verdict in favor of defendant. Following the jury verdict, on April 19, 2017, defendant filed notice of entry of a proposed judgment of no cause of action pursuant to the seven-day rule under MCR 2.602(B)(3). On April 25, 2017, plaintiff filed an objection to defendant's proposed judgment. On the same day, April 25, 2017, the trial court entered the proposed judgment, which provided as follows:

> This cause having been tried to a conclusion and having been properly submitted to a jury for a decision and, after due deliberation, having rendered a verdict of no cause of action in favor of Defendant Auto-Owners Insurance Company, and this Court being fully advised in the premises;

> IT IS HEREBY ORDERED AND ADJUDGED that the jury verdict be and is hereby incorporated as a final judgment in this matter, such judgment being no cause of action in favor of Defendant Auto-Owners Insurance Company.

On June 13, 2017, the trial court entered an order denying plaintiff's motion for reconsideration and to set aside the judgment of no cause of action. The trial court held that plaintiff failed to object within seven days of April 17, 2017, which is when defendant served the proposed judgment to plaintiff, as evidenced by the proof of service. Thus, the trial court held that there was no error and denied plaintiff's motion.

## I. ENTRY OF JUDGMENT

Plaintiff argues that the trial court erred in entering the proposed judgment that defendant submitted after the jury returned a no cause of action verdict. We disagree.

This issue involves entry of a judgment under MCR 2.602. We review de novo issues of law involving the interpretation and application of a court rule. *Bullington v Corbell*, 293 Mich App 549, 554; 809 NW2d 657 (2011). To the extent this inquiry involves reviewing a trial court's factual findings, "a trial court's findings of fact are reviewed for clear error." *Hastings Mut Ins Co v Grange Ins Co of Mich*, 319 Mich App 579, 587; 903 NW2d 400 (2017) (citation omitted). A decision is clearly erroneous when the reviewing court is left with a "definite and firm conviction that a mistake has been made." *Id.* (citation omitted).

MCR 2.602(B) governs entry of judgments and orders under the "seven day" rule and it provides in relevant part as follows:

> (3) Within 7 days after the granting of the judgment or order, or later if the court allows, a party may serve a copy of the proposed judgment or order on the other parties, *with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service of the notice.* The party must file with the court clerk the original of the proposed judgment or order and proof of its service on the other parties.
>
> (a) If no written objections are filed *within 7 days*, the clerk shall submit the judgment or order to the court, and the court shall then sign it if, in the court's determination, it comports with the court's decision. [Emphasis added.]

In this case, following the jury verdict, on April 19, 2017, defendant filed its notice of entry of a proposed judgment consistent with MCR 2.602(B)(3). Defendant included proof of service indicating that defendant served plaintiff's counsel on April 17, 2017. Accordingly, under MCR 2.602(B)(3), plaintiff had seven days "after service of the notice" to file objections to the proposed judgment. Plaintiff did not file an objection until April 25, 2017, eight days after service of the notice. Accordingly, the objection was untimely and the trial court did not err in signing and entering the judgment pursuant to MCR 2.602(B)(3)(a); to the extent plaintiff argues to the contrary, the argument lacks merit.

Plaintiff also argues that the April 25, 2017 judgment "does not comport with the jury's instructions and decision." In support of this argument, plaintiff cites the arguments she raised in the lower court in her objection to defendant's proposed judgment. Plaintiff states that she "incorporates her entire objection and motions to settle same." However, plaintiff's attempt to utilize her trial court motions as arguments on appeal does not conform to the requirements for appellate briefs set forth in MCR 7.212(C), which requires appellant's brief on appeal to incorporate arguments with reference and citation to the applicable facts and authorities in support of the arguments. Moreover, "[a]n appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims[,]" *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015), and "[a]n appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003). Nevertheless, we have addressed the cognizable arguments that plaintiff appears to have raised in the trial court and conclude that they lack merit.

To the extent that plaintiff contends that the trial court erred when it determined that the proposed judgment "comports with the court's decision"—i.e., the jury verdict, plaintiff's argument lacks merit. The jury returned a no cause of action verdict in favor of defendant on the claims presented. The judgment accurately reflected that verdict. Plaintiff fails to articulate how this judgment is inaccurate. While the judgment does not reflect anything about a five-month time frame that was included in the jury instructions, the judgment nevertheless "comports" with

the jury's verdict. It accurately reflects the final no cause of action verdict on the claims submitted to the jury. The trial court did not err in entering the judgment.

Plaintiff appears to argue that the trial court erred in denying her motion to vacate the verdict. Before the trial court, plaintiff essentially argued that the trial court erred in denying her motion to vacate the verdict because defense counsel engaged in discovery violations and should have been sanctioned.

A trial court has discretion to impose sanctions against a party for discovery abuses. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). MCR 2.313(B)(2)(c) sets forth a number of potential sanctions that a trial court may impose against a party for failure to comply with a discovery order, including dismissal of an action or a default judgment against the offending party. A trial court may consider the following relevant factors when sanctioning a party for a discovery violation:

> (1) [W]hether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the defendant; (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect[;] and (8) whether a lesser sanction would better serve the interests of justice. [*Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010).]

In this case, the trial court found that defense counsel engaged in discovery abuse. The trial court found that defense counsel had an ongoing duty to disclose defendant's surveillance of plaintiff. The trial court found that defense counsel willfully failed to disclose a surveillance report that defense counsel appears to have referred to during his cross-examination of plaintiff. The trial court properly found that this amounted to a violation of MCR 2.302(E). However, the trial court concluded that the failure to disclose the report did not significantly prejudice plaintiff in that it did not have a material impact on the outcome of the trial. The trial court declined to vacate the verdict or grant a new trial as a sanction; instead, the trial court considered the violation in awarding defendant case evaluation sanctions, reducing the sanctions award based on the improper conduct.

The trial court did not abuse its discretion in denying plaintiff's motion to vacate the jury verdict. While defense counsel intentionally failed to produce the report, the report was not admitted as evidence. Instead, defense counsel cross-examined plaintiff concerning her whereabouts on specific dates at specific times apparently in an attempt to show that plaintiff was ambulatory. However, as the trial court noted, this evidence was rebutted by the deposition testimonies of plaintiff's physicians. In addition, on direct examination, plaintiff testified that her activities had not changed and that she was aware defendant was surveilling her.

Moreover, evidence that plaintiff was, at times, ambulatory, did not have any impact on the outcome of the trial, and therefore, plaintiff failed to show prejudice. "The [no-fault act] requires that three factors be met before an item is an 'allowable expense': 1) the charge must be

reasonable, 2) the expense must be reasonably necessary, and 3) the expense must be incurred." *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 50; 457 NW2d 637 (1990) (quotation marks and citation omitted). In this case, the surveillance report did not concern whether plaintiff incurred an "allowable expense." Plaintiff did not produce sufficient evidence to show that she incurred expenses, that the expenses were reasonably necessary, or that expenses were reasonable. Plaintiff did not introduce the testimony of any care providers other than her mother, who did not prepare or submit any claim forms for reimbursable attendant-care services. Apart from a single exhibit that showed expenses with days and months, but no year, there was no evidence to support that plaintiff sustained expenses and that such expenses were reasonably necessary. Accordingly, cross-examination about the surveillance report did not have any impact on the outcome of the trial. In short, the trial court did not err in entering the judgment or in denying plaintiff's motion to vacate the jury verdict.

## II. MOTION TO SET ASIDE JUDGMENT

Next, plaintiff appears to argue that the trial court erred in denying her motion to set aside the judgment. We disagree.

We review a trial court's decision on a motion to set aside an order or judgment under MCR 2.612(C)(1) for an abuse of discretion. *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 421-422; 834 NW2d 878 (2013). "The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008).

Plaintiff argues that the trial court failed to immediately address her motion to vacate the verdict and argues that her motions have "come to naught." Plaintiff argues that she has "uncovered some very interesting newly discovered evidence of greater misconduct than she had guessed." Plaintiff then cites her trial motion for relief from judgment based on newly discovered evidence and "incorporates" the arguments contained therein into her appeal brief. To the extent that plaintiff relies on her lower court motions to support her argument on appeal, plaintiff has abandoned this issue. See *Cheesman*, 311 Mich App at 161; *Houghton*, 256 Mich App at 339-340. However, we address the arguments, to the extent that they are cognizable, and conclude that all of the arguments are devoid of legal merit.

To the extent that plaintiff argues that the April 25, 2017 judgment is inaccurate and incomplete, as discussed above, the judgment accurately reflected the jury verdict. To the extent that plaintiff argues that the trial court erred in waiting until July 13, 2017, to address her motion to vacate the verdict, plaintiff does not cite any law to support her argument. Moreover, plaintiff cannot show how addressing the motion earlier would have led to a different outcome.

Plaintiff cites her lower court motion for relief from judgment based on "newly discovered evidence." The trial court denied this motion on grounds that it did not have

authority to grant relief from the judgment because plaintiff's appeal of the judgment was pending in this Court. The trial court did not err in doing so. See MCR 7.208(A).[2]

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Thomas C. Cameron

---

[2] In her fourth issue presented, plaintiff argues that the judgment "should be relieved." Plaintiff then appears to argue that the trial court erred in awarding defendant case evaluation sanctions. However, this appeal concerns the April 25, 2017 judgment of no cause of action. That judgment did not award case evaluation sanctions. Accordingly, we decline to address plaintiff's argument.