*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DALE GOODFELLOW,

        Plaintiff-Appellant,

v

GEOFFREY TAK-KIN LAM, also known as
GEORFFREY TAK-KIN LAM; SPECTRUM
HEALTH MEDICAL GROUP; and SPECTRUM
HEALTH HOSPITALS,

        Defendants-Appellees.

UNPUBLISHED
June 11, 2020

No. 347818
Kent Circuit Court
LC No. 18-007158-NH

Before: K. F. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) (claim barred by statute of limitations). We affirm.

The operative facts in this case are undisputed. On February 12, 2018, plaintiff served defendants with a notice of intent (NOI) to file a medical malpractice claim pursuant to MCL 600.2912b. On August 13, 2018, 182 days later, plaintiff filed a complaint alleging that plaintiff was injured as a result of negligent care provided by defendants. On November 5, 2018, defendants filed a motion for summary disposition in lieu of an answer to plaintiff's complaint, claiming that plaintiff's claim was barred because he had failed to comply with the notice provisions of MCL 600.2912b, specifically, that plaintiff had filed his complaint one day before the expiration of the 182-day waiting period required by the statute. As previously noted, the trial court agreed and granted defendants' motion for summary disposition because the complaint was not timely filed according to recent Michigan Supreme Court caselaw. On appeal, plaintiff argues that his complaint was timely filed and, even if it was not, the trial court should have applied equitable tolling to save his claim.

Plaintiff first argues that his complaint was timely filed because the exception listed under MCL 600.2912b(9) applied. We disagree.

-1-

Pursuant to MCL 600.2912b(9):

> If at any time during the applicable notice period under [MCL 600.2912b] a health professional or health facility receiving notice under this section informs the claimant in writing that the health professional or health facility does not intend to settle the claim within the applicable notice period, the claimant may commence an action alleging medical malpractice against the health professional or health facility, so long as the claim is not barred by the statute of limitations.

In this case, plaintiff relies on a conditional statement in defendants' response to allege that defendants represented they did not intend to settle the claim within the 182-day notice period of MCL 600.2912b. Specifically, defendants reserved "the right to modify or assert additional defenses after discovery has been initiated and further analysis is conducted by expert witnesses." This reservation, plaintiff contends, demonstrated that defendants were essentially inviting plaintiff's lawsuit before the expiration of the 182-day notice period because of the use of the word "discovery," and plaintiff reasonably relied on this reservation as showing defendants' intent not to settle the claim during the 182-day notice period.

Our Supreme Court has held that "[a] defendant can either advise the plaintiff of the decision to waive or the defendant may do nothing at all, either of which triggers the shortened waiting period" contained in MCL 600.2912b(9). *Bush v Shabahang*, 484 Mich 156, 184; 772 NW2d 272 (2009). Unfortunately for plaintiff, neither of these happened here. Defendants never directly—or impliedly—advised plaintiff that they wanted to waive the 182-day notice period. Furthermore, defendants did not "do nothing at all" because they responded to plaintiff's NOI in compliance with MCL 600.2912b(7). Plaintiff fails to provide any support for his argument that reasonable reliance on his part should accelerate the 182-day notice period absent a writing demonstrating defendants' intent not to settle. See MCL 600.2912b(9).[1]

Alternatively, plaintiff contends that, irrespective of MCL 600.2912b(9), the commencement of his action—filing the complaint on day 182—was appropriate because our Supreme Court incorrectly interpreted MCL 600.2912b(1). Our Supreme Court recognized that the NOI is a "prerequisite condition to the commencement of a medical malpractice lawsuit." *Burton v Reed City Hosp Corp*, 471 Mich 745, 754; 691 NW2d 424 (2005). Our Supreme Court also iterated that "[t]he filing of a complaint before the expiration of the statutorily mandated notice period . . . renders the complaint insufficient to commence the action." *Id*. With regard to the 182-day notice period, our Supreme Court interpreted the period to mean that "a plaintiff must wait the *entire* 182 days before filing a complaint," and a complaint filed on day 182 is considered untimely. *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 325-326; 901 NW2d 577 (2017). In so holding, our Supreme Court concluded that a plaintiff must wait until day 183 to file a

---

[1] "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citation omitted). "[W]here a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned." *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

complaint. See *id*. Importantly, even a plaintiff that sends an NOI on the last day of the statute of limitations period is given that one hundred eighty-third day to file a complaint. See *id*. at 323.

In this case, plaintiff filed his cause of action on day 182, which means that his complaint was untimely. See, e.g., *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 68; 869 NW2d 213 (2015). Although plaintiff believes that the Michigan Supreme Court interpreted the 182-day notice provision of MCL 600.2912b(1) incorrectly, this Court is bound by our Supreme Court's precedent. See *Duncan v Michigan*, 300 Mich App 176, 193; 832 NW2d 761 (2013). Only the Supreme Court may overrule its decisions. See *Paige v Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006). Accordingly, plaintiff's complaint was untimely.

Next, plaintiff argues that the trial court should have applied equitable tolling to save his claim. We disagree. Without any citation to supporting caselaw, plaintiff merely states that he reasonably believed that defendants rejected their opportunity to settle the case during the 182-day notice period and that it would be unjust to dismiss a meritorious claim. We find this reasoning unpersuasive and, absent citation to authority, deem the issue abandoned on appeal. See *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003); *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle

-3-