*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERRY FAMILY LIMITED PARTNERSHIP,

Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

Respondent-Appellee.

UNPUBLISHED
July 22, 2021

No. 353797
Tax Tribunal
LC No. 19-003979-TT

Before: BORRELLO, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Petitioner appeals as of right the final opinion and judgment of the Michigan Tax Tribunal (MTT) upholding respondent's denial of petitioner's request for a principal residence exemption (PRE) for tax years 2018 and 2019. We affirm.

The material facts are not in dispute. Alice Terry owned and occupied the subject property, located at 102 Taylor Avenue in Roscommon County for many years. In May 2013, Terry and her four children entered into the Family Limited Partnership Agreement of the Terry Family which named Terry as the only general partner, and her children as limited partners. In May 2017, Terry and her children executed a quitclaim deed conveying their interests in the Taylor Avenue property to the Terry Family Limited Partnership. Terry thereafter continued to occupy the property as her principal residence. In May 2019, respondent denied petitioner's request for a PRE for tax years 2018 and 2019 because the record owner of the Taylor Avenue property was not an individual.

Petitioner appealed the denial to respondent, which held an informal conference and ultimately upheld the denial of the PRE. Petitioner subsequently appealed this matter in the Small Claims Division of the MTT, arguing that the partnership agreement operated as a revocable trust and that the property qualified for a PRE under MCL 211.7dd(a)(*vi*). The MTT determined that the partnership agreement did not establish a revocable trust, because the agreement stated that the parties desired to form a limited partnership governed by the Michigan Revised Uniform Limited Partnership Act. The MTT thus concluded that petitioner was not entitled to a PRE for tax years 2018 and 2019.

On appeal, petitioner argues that the MTT erred by concluding that it was not entitled to a PRE for tax years 2018 and 2019 under MCL 211.7dd(a)(*vi*). We disagree.

Unless there is a claim of fraud, we review MTT decisions to determine whether the MTT made an error of law or adopted a wrong legal principle. *Stirling v Leelanau Co*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353117); slip op at 2. Tax exemptions are narrowly construed in favor of the taxing authority. *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 447-448; 912 NW2d 569 (2017). The person claiming a tax exemption bears the burden of proving he or she is entitled to the exemption. *Id*. at 448. "When the Tribunal's findings of fact are supported by competent, material, and substantial evidence on the whole record, those findings are conclusive." *Id*. at 447. We review de novo the MTT's interpretation and application of statutes." *Stirling*, ___ Mich App at ___; slip op at 2.

Michigan's PRE is governed by MCL 211.7cc and MCL 211.7dd. MCL 211.7cc(1)[1] provides, in relevant part: "A principal residence is exempt from the tax levied by a local school district for school operating purposes . . . if an owner of that principal residence claims an exemption as provided in this section." This Court has explained that a person claiming a PRE must "establish that he or she owned and occupied the property as a principal residence for each year that the exemption is claimed." *Estate of Schubert*, 322 Mich App at 451.

MCL 211.7dd provides, in relevant part:

As used in sections 7cc and 7ee:

(a) "Owner" means any of the following:

* * *

(*vi*) A grantor who has placed the property in a revocable trust or a qualified personal residence trust.

Petitioner argues that Terry granted the Taylor Avenue property to petitioner and that the partnership agreement operated as a revocable trust. However, even if the partnership agreement operated as a revocable trust, *petitioner* would not be an owner under MCL 211.7dd(a)(*vi*). Petitioner does not dispute that Terry granted the Taylor Avenue property to petitioner in May 2017. It also does not argue that petitioner was the *grantor* under the plain language of MCL 211.7dd(a)(*vi*). The MTT thus did not err by concluding that petitioner was not an owner under MCL 211.7dd(a)(*vi*) and denying petitioner's PRE claim for tax years 2018 and 2019.

In addition, petitioner has failed to provide any authority to support its argument that the partnership agreement met the requirements to create a trust. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, . . . nor may he give issues cursory treatment with little or no citation of supporting authority."

---

[1] MCL 211.7cc was amended, effective June 24, 2020, by 96 PA 2020. However, MCL 211.7cc(1) was unaffected.

*Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). Nevertheless, a trust is created only if the settlor "indicates an intention to create the trust." MCL 700.7402(1)(b). Petitioner cannot establish that Terry intended to create a trust because the partnership agreement stated that the parties wanted to form a *limited partnership*, not a trust.

We affirm.

/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens