*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FOUAD DABAJA,

        Plaintiff/Counterdefendant-Appellee,

v

HOUSSAM BEYDOUN,

        Defendant/Counterplaintiff-Appellant,

and

BRUCE ROSENTHAL and ROBERT FICANO,

        Appellees.

UNPUBLISHED
May 30, 2024

No. 365070
Wayne Circuit Court
LC No. 21-009737-CB

Before: GARRETT, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant-appellant, Houssam Beydoun, appeals as of right the December 15, 2022 order granting an attorney's retaining and charging lien in favor of nonparty-appellees, Robert F. Ficano and Bruce R. Rosenthal, for payment of attorney fees and the February 8, 2023 order denying his motion for reconsideration. On appeal, Beydoun contends that the trial court improperly granted Rosenthal and Ficano attorney fees and a charging lien on real property. Beydoun also asserts that he was deprived of his right to due process when the lien was granted without notice or a hearing. We vacate the order in part to remove the charging lien and remand for an evidentiary hearing on attorney fees.

## I. BACKGROUND

Beydoun and plaintiff, Fouad Dabaja,[1] formed B & D Family Holdings, LLC (B & D Holdings) and entered an operating agreement to manage improved real property at 2525 Beech Daly in Dearborn Heights, Michigan. After a dispute, Dabaja filed a complaint against Beydoun, alleging that he breached the operating agreement of B & D Holdings. Beydoun retained Ficano and Rosenthal to represent him and file a counteraction.

Ten months later, Ficano and Rosenthal, as co-counsel for Beydoun, filed a notice in the trial court, which states as follows:

> Bruce F. Rosenthal and Robert A. Ficano co-counsel for Houssam Beydoun hereby notifies [sic] this Honorable Court, and other parties counsel that Notice is hereby given of their assertion of their Attorney's Retainer/Charging Lien Per RJA 600.2805 and Michigan case law against the assets currently controlled by this Honorable Court on behalf of their client Houssam Beydoun, individually and as shareholder of Canton Rentals, LLC. The asset currently to be at auction is a warehouse located at 2525 Beach [sic] Daly, Rd, Dearborn Heights, MI for in excess of $5,500,000 for distribution to the shareholders. This lien is solely to be placed upon the funds to be distributed to Houssam Beydoun and does not effect [sic] proceeds or assets to be distributed to any other party the [sic] above captioned matters.

The proof of service indicated that Rosenthal served the notice of lien on Dabaja's counsel and Ficano, but there is no indication that he served notice on Beydoun.

In lieu of a trial scheduled for December 12, 2022, the trial court held a status conference via Zoom. The status conference was not transcribed; however, the register of actions indicates that the parties settled the case. Three days later, the trial court entered an order[2] dismissing the case with prejudice and no award of costs or attorney fees, except for the following provision:

> ITS [sic] HEREBY ORDERED that the Attorney's Retaining/Charging lien filed by Bruce F. Rosenthal and Robert A. Ficano against Houssam Beydoun and B & D Family Holdings, LLC is hereby ordered against Houssam Beydoun, the lease and rents of property known as 2525 Beech Daly Rd. Dearborn Heights, MI, and the real estate known as 2525 Beech Daly Rd. Dearborn Heights, MI. The amount of the Retaing/Charging [sic] lien is $70,045.

Following entry of this order, Beydoun terminated Rosenthal and Ficano as his legal representatives and retained new counsel. His new counsel e-mailed Rosenthal and Ficano to

---

[1] Dabaja filed an appearance in this Court, but has not participated further and has not filed a brief on appeal.

[2] Rosenthal and Ficano describe the order as a stipulated order; however, there is no evidence of record that Beydoun stipulated or agreed to entry of the attorneys' charging lien.

request copies of the retainer agreement signed by Beydoun, any motion or pleading notifying Beydoun of their request for the lien, and all pleadings and discovery in the case.

Beydoun moved for reconsideration under MCR 2.119(F), contending that the trial court improperly granted Rosenthal and Ficano the lien on property owned by B & D Holdings, which was not a party to the action. Beydoun asserted that he was deprived of his right to due process because he was never served a motion or other document authorizing the lien, never had an opportunity to respond to any request for the lien, and never consented to the lien. He asserted that there was no monetary recovery in the underlying case for which a charging lien may attach. Beydoun also asserted that the fees claimed by appellees were unreasonable, and argued that when an award of attorney fees is contested, the trial court must conduct a hearing on the reasonableness of the fees.

Rosenthal and Ficano filed a response to Beydoun's motion for reconsideration. They attached various documents supporting their response, including billing statements, a commitment for title insurance, and correspondence with Beydoun and others. These documents did not otherwise appear in the lower court record.

The trial court entered an order denying the motion for reconsideration. The order did not include an explanation of its holding. This appeal follows.

## II. ISSUE PRESERVATION

To preserve an issue for appellate review, a party must demonstrate that the issue was raised in the trial court. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2. However, issues first raised in a motion for reconsideration generally are not properly preserved for appellate review. *In re Schroeder Estate*, 335 Mich App 107, 119; 966 NW2d 209 (2020). We may review an unpreserved issue if it involves a question of law or its resolution is necessary for a proper determination of the case, and the facts necessary for resolution of the issue were presented below. *Tolas*, ___ Mich App at ___; slip op at 3.

The issues on appeal are unpreserved because they were first raised in Beydoun's motion for reconsideration in the trial court. *In re Schroeder Estate*, 335 Mich App at 119. However, because he did not receive notice from his previous counsel, he could not raise these issues earlier in the proceedings. There is no evidence in the record to suggest that he was aware of the request for a lien or calculation of attorney fees. There is no indication in the record that Rosenthal and Ficano either filed a motion seeking attorney fees or the placement of a lien to which he could respond. Further, there is no indication that trial court held a hearing at which Beydoun could object or present evidence. We will address the issues raised by Beydoun in this appeal because consideration of these issues are necessary for a proper determination of this case and these issues

involve questions of law for which the necessary facts were presented below. *Tolas*, ___ Mich App at ___; slip op at 3.[3]

We also note that both appellate parties provided exhibits never filed in the trial court in their briefs on appeal. These exhibits include Appendices 3, 7, 10, 11, 12, and 13 in Beydoun's brief on appeal and Appendices 8 and 11 in Rosenthal and Ficano's brief on appeal. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002); see also MCR 7.210(A)(1). Accordingly, we decline to consider these exhibits.

### III. STANDARD OF REVIEW

A trial court's decision whether to impose an attorney's lien is reviewed for an abuse of discretion. *Reynolds v Polen*, 222 Mich App 20, 24; 564 NW2d 467 (1997). A trial court's award of attorney fees and costs is also reviewed for an abuse of discretion. *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013). A trial court's ruling on a motion for reconsideration is likewise reviewed for an abuse of discretion. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009) "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes, or when the trial court makes an error of law." *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 337 Mich App 360, 372-373; 976 NW2d 109 (2021).

"[W]hether a party has been afforded due process of law is a question of law this Court reviews de novo." *Souden*, 303 Mich App at 413. Whether a lien is authorized in a particular case is also a question of law this Court reviews de novo. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 281; 761 NW2d 761 (2008).

### IV. ANALYSIS

Michigan law recognizes two kinds of attorney liens. A general, retaining, or possessory lien entitles an attorney to retain possession of all documents, money, or other property of the client until the attorney fees are paid. *George v Sandor M Gelman, PC*, 201 Mich App 474, 476; 506 NW2d 583 (1993). A charging lien "is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *Id*. The trial court apparently granted both types, labeling the lien an "Attorney's Retaining/Charging lien." However, both in

---

[3] Beydoun also presents the unpreserved argument that appellees violated at least six provisions of the Michigan Rules of Professional Conduct (MRPC). However, Beydoun merely recites the substance of these rules, without explaining the manner in which appellees violated the MRPC, and offering no evidence, citation to the record, or caselaw in support of his allegations. Because consideration of this unpreserved argument is not necessary for resolution of this case and the necessary facts were not presented in the trial court, we decline to address this argument. *Tolas*, ___ Mich App at ___; slip op at 2-3. Moreover, we may decline to consider arguments for which an appellant merely announces a position and gives cursory treatment, with little or no citation of supporting authority. *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003).

his motion for reconsideration and brief on appeal, Beydoun only addressed the charging lien aspect of the trial court's order. Therefore, a retaining lien is not at issue in this case.

In Michigan, an attorney's charging lien is not codified in statute but is recognized in the common law. *Id*. at 477. A charging lien automatically attaches to funds or a money judgment recovered through the attorney's services. *Id*. A charging lien may not be imposed on a client's real property, unless "(1) the parties have an express agreement providing for a lien, (2) the attorney obtains a judgment for the fees and follows the proper procedure for enforcing a judgment, or (3) special equitable circumstances exist to warrant imposition of a lien." *Id*. at 478.

## A. ATTORNEY-FEES AWARD

Beydoun asserts that the attorney fees awarded by the trial court were unreasonable and inflated. Because the record does not reflect a motion for attorney fees or a hearing related to attorney fees, we conclude that the trial court was unable to have properly reviewed the claim of fees for reasonableness.

A party seeking an award of attorney fees postjudgment must generally show that the fees were incurred and the amount requested is reasonable. *Souden*, 303 Mich App at 415. If the requested attorney fees are contested, the trial court must conduct a hearing to determine the services actually rendered and the reasonableness of those services. *Id*. When there is a fee dispute between an attorney and a client, the court should consider the language of the fee agreement, as well as the requirement of reasonableness as expressed in MRPC 1.5(a) and Michigan caselaw. *Souden*, 303 Mich App at 416. In *Souden*, this Court reversed an award of attorney fees and remanded for an evidentiary hearing on the reasonableness of the fees requested, noting that the trial court did not examine the fee agreement, no evidence of a written fee agreement appeared in the trial court record, and the trial court did not conduct a detailed inquiry into the reasonableness of the fees requested. *Id*. at 416-417.

In this case, the trial court failed to properly review the asserted attorney fees for reasonableness. Rosenthal and Ficano did not file a motion seeking attorney fees. However, as part of the order, the trial court granted an attorney's charging lien in the amount of $70,045. This order was entered after the parties apparently settled the case at a status conference. No record or transcript was made of the status conference, and there is no record of any review or explanation of the services provided. After the order was entered, Beydoun disputed the award of $70,045 granted in the order in a motion for reconsideration. In response to Beydoun's motion for reconsideration, Rosenthal and Ficano filed a response brief and attached, for the first time in the trial court, invoices for services rendered. This response brief was improperly filed and could not be considered by the trial court. MCR 2.119(F)(2) ("No response to the motion may be filed, and there is no oral argument, unless the court otherwise directs."). The trial court denied Beydoun's motion for reconsideration without a hearing.

The trial court was notified that Beydoun contested the awarded fees in the motion for reconsideration. As a consequence, the trial court was required to conduct a hearing to determine whether the fees were incurred and the reasonableness of those fees. *Souden*, 303 Mich App at 415. There is no record evidence that the trial court examined the fee agreement, if any, between the parties. Further, the trial court neither conducted a detailed inquiry into the fees incurred or

the reasonableness of those fees. Instead, the trial court denied the motion for reconsideration without explanation. The trial court did not address any of Beydoun's contentions on the record. Accordingly, the trial court erred when it ordered attorney fees in the amount of $70,045. We vacate the portion of the trial court's order granting Rosenthal and Ficano $70,045 in attorney fees and remand for an evidentiary hearing on the issue of the reasonableness of the asserted attorney fees.

## B. LIEN ON RECOVERY

Beydoun contends that a charging lien could not be granted because there was no recovery in the underlying litigation. We agree.

An attorney's charging lien is "an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *George*, 201 Mich App at 476. A charging lien generally may not attach to real property of a client, but may be paid from other assets obtained through the attorney's services. *Souden*, 303 Mich App at 420.

There is limited Michigan caselaw concerning the precise nature of the "recovery" required to support a charging lien. In *Dunn v Bennett*, 303 Mich App 767, 769; 846 NW2d 75 (2013), the plaintiff represented a defendant in litigation to remove a federal tax lien on real property owned by the defendant. After two years, the plaintiff reached a settlement with the Internal Revenue Service (IRS) on behalf of the defendant, in which the property was sold. *Id*. The IRS was paid out of the proceeds from the sale, and the defendant retained the excess proceeds. *Id*. The plaintiff sought to attach a charging lien on the excess proceeds for attorney fees. *Id*. at 770, 778 Addressing what constitutes "recovery" for the purposes of a charging lien, this Court stated, without further elaboration, that a client's share of proceeds from the sale of real property was too far attenuated to constitute a "recovery." *Id*. at 778.

In this case, the settlement of the underlying litigation does not constitute a "recovery." Although the lower court file does not include a copy of the settlement agreement, the parties agree that the settlement involved Beydoun purchasing Dabaja's membership interest. If proceeds from the sale of real property were too far attenuated to constitute a "recovery," it follows that Beydoun's purchase of Dabaja's membership interest is also too far attenuated to constitute a recovery. Accordingly, the trial court erred by awarding the lien on the Beech Daly property and its proceeds from the lease and rents as a "recovery."

## C. LIEN ON REAL ESTATE

Beydoun contends that the trial court erred by granting a lien against real property owned by B & D Holdings. Beydoun does not explicitly argue that the trial court erred by awarding a lien against real property owned by him. Although unclear from the record who owns the Beech Daly property, the trial court erred under either scenario by entering an attorney's charging lien on the Beech Daly property.

First, if the property was owned by B & D Holdings, there is no evidence that the LLC was Rosenthal and Ficano's client. "An attorney-client relationship must be established by contract before an attorney is entitled to payment for services rendered." *Souden*, 303 Mich App at 414

-6-

(quotation marks and citation omitted). Without establishing the existence of an attorney-client relationship with B & D Holdings, Rosenthal and Ficano were not entitled to attorney fees, let alone a charging lien for those fees.

Second, if the property was owned by Beydoun, Rosenthal and Ficano failed to establish that a charging lien could be imposed on his real estate. As noted earlier, an attorney's charging lien may not attach to the real estate of a client unless "(1) the parties have an express agreement providing for a lien, (2) the attorney obtains a judgment for the fees and follows the proper procedure for enforcing a judgment, or (3) special equitable circumstances exist to warrant imposition of a lien." *George*, 201 Mich App at 478. We address each in turn.

The appellate parties did not have an express agreement providing for a lien. In *Souden*, 303 Mich App at 421, the charging lien was entered in a stipulated divorce judgment, which stated that the attorneys would retain a lien on their client's marital assets. This Court explained that the stipulated divorce judgment did "not constitute an express agreement that the lien may attach to real property," and even if the divorce judgment did constitute an express agreement, the judgment in that case did not provide for such a lien. *Id*. Although the order in this case expressly provided for a charging lien against real property, like *Souden*, the order is not an express written agreement. Accordingly, the charging lien could not attach under the first prong of *George's* analysis.

Likewise, neither the second nor third prong apply to this case. In *George*, this Court explained that "direct attachment of a debtor's real estate is disfavored," and "[a] judgment, by itself, does not create a lien against a debtor's property." *George*, 201 Mich App at 477. Instead, Chapter 60 of the Revised Judicature Act, MCL 600.6001 *et seq*., ordinarily governs the collection of judgments and required a creditor to obtain a judgment and execute it against the debtor's property:

> [T]he creditor must first obtain a judgment for the amount owed, then execute that judgment against the debtor's property. A creditor may execute against real property owned by a debtor only after attempting to execute against the debtor's personalty and determining that the personal property is insufficient to meet the judgment amount. MCL 600.6004; MSA 27A.6004. To place a lien against a debtor's real property, the creditor must deliver the writ of execution and a notice of levy against the property to the sheriff, who then records the notice of levy with the register of deeds to perfect the lien. [*George*, 210 Mich App at 477.]

As discussed earlier, we vacated the trial court's order to the extent that it granted $70,045 in attorney fees. A current dispute exists regarding the total fees for services rendered. Likewise, no evidence in the record shows that Beydoun attempted to avoid paying for legal services. Rosenthal and Ficano did not obtain a judgment for fees and follow proper procedure for enforcing that judgment. Finally, although Rosenthal and Ficano assert that equitable circumstances permit placing a charging lien on Beydoun's real property, they do not explain this assertion further and the record is devoid of any evidence of equitable circumstances supporting the attachment of an attorney's charging lien to the property.

In sum, Rosenthal and Ficano did not allege the existence of an express agreement providing for the lien, did not follow the procedures to obtain a judgment, and no special equitable

circumstances supported the imposition of a lien. The trial court erred by entering the charging lien against the real property. We vacate the portion of the order authorizing the charging lien.

## D. DUE PROCESS

Although we already vacated the portion of the order attaching the charging lien, we address Beydoun's final argument on appeal. He asserts that he was denied due process when the trial court entered an order attaching a charging lien to the Beech Daly property without notice or hearing. We agree.

The United States and Michigan Constitutions both provide that no person may be deprived of property without due process of law. US Const, Ams V and XIV; Const 1963, art 1, § 17. Due-process protections apply to vested property interests. *Souden*, 303 Mich App at 413. Due process generally requires "notice and an opportunity to be heard." *Dusenbery v United States*, 534 US 161, 167; 122 S Ct 694; 151 L Ed 2d 597 (2002) (quotation marks and citation omitted). Notice must be reasonably calculated to apprise the parties of the action and present them an opportunity to present objections. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 287-288; 831 NW2d 204 (2013).

In *Souden*, 303 Mich App at 408-410, the trial court entered a judgment of divorce ordering that the parties' attorneys retained a lien on their clients' shares of the marital assets to secure payment of the attorney fees. The plaintiff's attorney filed a petition for payment of the fees ordered in the judgment and, after a hearing, the trial court granted the petition. *Id*. On appeal, the plaintiff contended that she was denied due process by the trial court's conducting of the hearing and by the attorney's failure to file a complaint and serve a summons on her. *Id*. at 412. This Court disagreed, noting that the plaintiff signed the judgment containing the lien provision, received service of the petition for attorney fees, responded to the petition, attended a hearing on the petition, and expressed objections to the petition. *Id*. at 413. This Court concluded that the plaintiff received adequate due-process protections. *Id*. at 414.

The circumstances present in *Souden* are not present in this case. Rosenthal and Ficano filed a notice in the trial court asserting their right to a retaining or charging lien placed against funds distributed to Beydoun out of the auction of the Beech Daly property. The record indicates that this notice was served to Dabaja and Ficano, but contains no indication that this notice was served to Beydoun. Even if Beydoun received this notice, it differs significantly from the lien granted in the order, which attached to the proceeds from the lease and rents of the Beech Daly property and on the real property itself. This notice did not satisfy the notice requirement.

Outside of this notice, Rosenthal and Ficano did not file a motion for a charging lien or an award of attorney fees. There is no indication that they presented any evidence to the trial court before the court determined fees and granted the lien, that Beydoun was notified of the request for a charging lien and a determination of attorney fees, or that any hearing was held on either the charging lien or the amount of fees. Clearly, Beydoun had no opportunity to be heard on the issue before the trial court entered the order of dismissal granting the lien.

After the order was entered, Beydoun moved for reconsideration under MCR 2.119(F). The opportunity to file a motion for reconsideration has been deemed sufficient to satisfy the

requirements of due process. In *Equity Funding, Inc v Village of Milford*, 342 Mich App 342, 350; 994 NW2d 859 (2022), this Court concluded that the plaintiff was afforded due process when it was able to address a newly-raised issue in a motion to file a surreply and a motion for reconsideration, noting that "[t]here is nothing in the record to suggest that the circuit court did not consider Equity's arguments." However, in *Al-Maliki v LaGrant*, 286 Mich App 483, 488-489; 781 NW2d 853 (2009), this Court held that the basic requirements of notice and a meaningful opportunity to be heard were not satisfied by the trial court when it granted summary disposition on grounds not raised by the moving party, failed to consider evidence the plaintiff sought to introduce, and denied the plaintiff's motion for reconsideration on the basis that it merely presented the same issue ruled on by the court in granting summary disposition.

This case is more akin to *Al-Maliki* than to *Equity Funding*. There is no indication that Beydoun had notice of the requested charging lien and a determination of fees owed at the status conference. Although Beydoun availed himself of the opportunity to file a motion for reconsideration, he was unable to address any evidence supporting the lien and the determination of attorney fees because that evidence was not provided to the trial court until appellees filed their response to the motion for reconsideration. Moreover, the trial court denied the motion for reconsideration without explanation. There is no indication in the record that the trial court considered the motion for reconsideration. Accordingly, Beydoun was not afforded his due-process right to notice and an opportunity to be heard.

Vacated in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Deborah A. Servitto
/s/ James Robert Redford